| 92  21̄1̄
| 100  498

## ELM CITY CLUB *vs.* C. HERVEY HOWES.

Waldo.     Opinion December 2, 1898.

*Unincorporated Associations.   Actions.   Pleading.   Waiver.   Stat. 1897, c. 191.*

Chapter 191 of the Laws of 1897 provides that an organized, unincorporated association may sue in the names of its trustees.   It sufficiently appears in this case that the suit is brought in the names of the trustees of the club, and that they are the technical parties plaintiff.

An objection that the trustees named are not trustees in fact should be raised by plea in abatement.   The plea of the general issue admits the capacity of the plaintiffs.

Indebitatus assumpsit upon an account annexed lies for the recovery of " dues " which are owing to an association in accordance with its by-laws.

By submitting a case to the law court " on report," objections that an account annexed is uncertain and indefinite are considered as waived, unless the contrary appears in the report.

ON REPORT.

Assumpsit to recover dues, etc., from a member of the plaintiff club.

The case is stated in the opinion.

*R. F. Dunton,* for plaintiff.

*W. H. McLellan,* for defendant.

The club has no legal existence.   It cannot sue or be sued.   It is a mere myth.   *Lewis* v. *Tilton,* 64 Iowa, 220, S. C. 52 Am. Rep. 436.   No one is responsible for costs if the action fails. *Soule* v. *Winslow,* 64 Maine, 518.

The action is not in the name of the trustees; they are not made parties.   It should have been brought in the name of Knowlton and others for its benefit.   The legislature must have intended to allow somebody to become a party for the benefit of the association. 1 Chit. Pl. 16th Am. Ed. pp. 16, 17.   The club had no trustees and yet brings this action under the law of 1897 and calls certain men trustees.

A corporation cannot maintain assumpsit for dues.   If defendant is liable it is to the secretary on a special contract by signing

by-laws to pay dues to him. The writ does not show he became liable or that assessments were made. Declaration on account annexed: *Plummer* v. *Bowie*, 76 Maine, 496; *Cape Elizabeth* v. *Lombard*, 70 Maine, 396; *Bethel, etc., Bridge Co.* v. *Bean*, 58 Maine, 89; *Thomas Mfg. Co.* v. *Watson*, 85 Maine, 300; *Rogers* v. *Newbury*, 105 Mass. 533.

Voluntary unincorporated associations: *Carr* v. *Bartlett*, 72 Maine, 120; *Phipps* v. *Jones*, 20 Pa. St. 260, (59 Am. Dec. 708); *Otto* v. *Benevolent Union*, 75 Cal. 308, (7 Am. Rep. 156.)

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

SAVAGE, J. The defendant was a member of the Elm City Club, an organized, unincorporated association. He refused to pay his dues to the Club to the amount of twenty-four dollars, and for billiards, five dollars and ninety cents, and this action is brought to recover these amounts.

To obviate the technical objection to the maintenance of an action at law which arises when an organized, unincorporated association seeks to enforce a claim against one of its members, inasmuch as he would be in such case both plaintiff and defendant, and as well the inconvenience of suing in the names of all the members in an action against a third person, Chapter 191 of the Public Laws of 1897 provides that such an association "may sue in the name of its trustees for the time being."

In the writ in this case the defendant is called to answer unto "the Elm City Club of Belfast, an organized, unincorporated association, which sues this action in the name of Charles E. Knowlton, Ben D. Field, W. J. Dorman, H. T. Field, John G. Damon, Fred G. White, W. H. Quimby, W. C. Libbey and F. R. Woodcock, its trustees." The defendant pleaded the general issue, and the case comes to us on report.

The defendant urges that there is no party plaintiff in court, that the Elm City Club is a legal myth, that a voluntary association as such is not recognized in law as a party to an action. The plaintiff replies that if the defendant wished to raise the question of

ability to prosecute the suit, he should have done so by plea in abatement. However this may be, we think the action may be sustained in this respect, under Chap. 191 of the Laws of 1897, before referred to. That statute says an association may sue *in the name of* its trustees. The Elm City Club, not a myth, but an association of men having enforceable rights, sues this action *in the name of* its trustees. The pleading is exceedingly inartificial. But we think the language in the writ is substantially equivalent to saying that Charles E. Knowlton, etc., trustees, sue this action *for* the Elm City Club. It is not an action brought in the name of the Elm City Club by the persons named, its trustees, but an action for the Elm City Club in the name of its trustees. Suits for minors by next friends are not analogous. In such cases the minor is the party, suing by next friend. Here the suit is not *by* the trustees, but *in the name of* the trustees, whose names are given, and these trustees are the technical parties plaintiff. The action is sued in their names. It is true that the defendant is summoned "to answer unto the Elm City Club." But that is not all. All of the language used in this connection must be examined to ascertain its legal effect. We think there is no difficulty in ascertaining that the persons named were the parties to the process, and the Club was the party beneficially interested.

The defendant in the next place says that the action cannot be maintained, because the parties named were not in fact trustees. This defense should have been made by plea in abatement. The plea of general issue admits the capacity of the plaintiffs. *Upham* v. *Bradley*, 17 Maine, 423; *Trustees, Ministerial & School Fund* in *Dutton* v. *Kendrick*, 12 Maine, 381; *Abbott* v. *Chase*, 75 Maine, 83.

The defendant next says that indebitatus assumpsit upon an account annexed will not lie for "dues," but that the suit should have been brought specially upon the defendant's written contract to pay dues. The by-laws of the association, signed by the members, including the defendant, constitute the contract. Under these by-laws, dues were to be paid quarterly. The amount of the quarterly dues was fixed annually. There is no pretense but that

at the time the action was brought the defendant owed the association for six quarters' dues. We see no reason why indebitatus assumpsit may not lie for these dues. The defendant owes them. In practice, the account annexed is a substitute for the common money counts. *Cape Elizabeth* v. *Lombard,* 70 Maine, 396. It was not necessary to sue specially upon the contract. The contract is, indeed, a part of the evidence of indebtedness and was properly introduced as such, although not specially declared on. *Marshall* v. *Jones,* 11 Maine, 54.

The defendant further objects that the account annexed is uncertain, indefinite and altogether insufficient. What might have been the result had he demurred, it is unnecessary to say. When a case is submitted to the law court on a report of the evidence, objections such as these are considered as waived, unless the contrary appears. *Pillsbury* v. *Brown,* 82 Maine, 450. There is no merit in the defense. The uncontradicted evidence shows that the defendant was a member of the Elm City Club, that the by-laws provided for quarterly dues, that the amount of the dues had been fixed, and that neither they nor the amount due for use of billiard tables have been paid.

*Defendant defaulted.*