## FRONTIER SUPPLY CO. v. LOVELAND ET AL.

SALES—NOTICE—PLEADING.

1. A notice by letter properly sealed, stamped and addressed deposited in the United States postoffice at the place of the sender's residence within due time is a sufficient compliance as to notice with a buyer's direction upon an order for goods that they be shipped at a stated time and the buyer notified two weeks before, whether such direction be deemed a condition precedent, concurrent or merely collateral to the order.

2. On error after judgment the pleadings will be liberally construed.

3. Where goods alleged to have been sold and delivered are ordinarily the subject of book account, the price thereof may be recovered in an action as upon an account, though the items do not appear to have been entered in an account book, and though the sale was upon a special contract if the latter has been performed by the seller, and the petition will be sufficient if complying with Section 3560, Revised Statutes, 1899, providing that in an action on an account it will be sufficient for the party to set forth a copy of the account and to state that there is due him thereon a specified sum which he claims with interest.

[Decided February 2, 1907.]       (88 Pac., 651.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

Theodore O. Loveland and James L. Records, co-partners, doing business as the Equitable Manufacturing Company, brought this action against the Frontier Supply Company, a corporation. Judgment was rendered for the plaintiffs, and defendants brought error. The material facts are stated in the opinion.

*Hamm & Arnold,* for plaintiff in error.

The exhibit attached to the petition showing a written contract between the parties, the action cannot be maintained upon an account, and the objection was properly

raised by demurrer. (O'Brien v. Chicago Co., 64 Ia., 411.) A statement in a petition that the defendant "is indebted," etc., is not equivalent to alleging that "there is due," etc., as required by statute. (1 Ency. Pl. & Pr., 92; Fairchild v. King, 102 Cal., 320.) Nor is an allegation that "defendant has not paid the same" a declaration that it has not been paid and is still due. The petition is fatally defective also in not alleging the performance of the condition precedent. (Pope v. Car Co., 107 N. Y., 61; 4 Ency. Pl. & Pr., 661; Sasenguth v. Rantoul, 48 Wis., 334.) Proof of the performance of the condition was therefore inadmissible.

*J. H. Ryckman,* for defendant in error.

The only issue upon the pleadings is whether the goods had been ordered and delivered. The evidence clearly answers that issue in the affirmative. The notation as to date of shipment and notice was a mere collateral stipulation and not a condition precedent. (Redman v. Ins. Co., 49 Wis., 438; 2 Pars. Contracts (7th Ed.), 657; Foundry, &c., v. Hovey, 21 Pick, 417; Hoffman v. King, 70 Wis., 382; Kellogg v. Nelson, 5 Wis., 125; Sawyer v. R. Co., 22 Wis., 403; Blackburn v. Reilly, 47 N. J. L., 290.) A breach of mere collateral stipulations is not ground for rescission. (24 Ency. L., 1108.) But notice was sent, and, therefore, the stipulation claimed to be a condition complied with. The defendant not having returned the goods could not rely upon a rescission. (30 Ency. L., 193; 24 id., 1110.) Delivery to the express company was a delivery to the defendant. (24 Ency. L., 1071, 643, 644.)

SCOTT, JUSTICE.

This action was commenced by the defendants in error, a partnership (plaintiffs below), against the plaintiff in error, a corporation (defendant below), to recover upon an account for a bill of goods alleged to have been sold and delivered to the plaintiff in error upon its request. The case was tried without the intervention of a jury and the

court found generally and entered judgment in favor of the defendant in error.

The petition had attached to and filed with it a printed and itemized bill, following which and on the same page is the order for the goods so itemized. The following endorsement in lead pencil appears on the margin of the itemized bill and order, viz.: "Ship Sept. 1, 1902. Notify this firm two weeks before." It is urged that the goods were shipped at the time stated in the notation; that they reached Frontier in due time; that plaintiff in error was notified by the express company by which they were shipped of their arrival; that plaintiff in error declined to take them out of the express company's office until upon notification that they would be sold to pay express charges and demurrage, when it paid such charges and took the goods to its store, where they have remained, and that the defendants in error were notified that the goods were held subject to their order.

It is assigned as error, first, that the judgment is not sustained by sufficient evidence; second, that the judgment is contrary to law in that the court erred in admitting testimony at variance with the petition in this, that evidence was admitted to prove the performance of a condition precedent of which there was no plea; third, that the petition does not state facts sufficient to constitute a cause of action.

These assignments of error are predicated upon plaintiff in error's theory as to the effect of the notation upon the margin of the order already set out and will be considered together.

The notice of the shipment contemplated to be given prior to the shipment must be considered and determined in connection with the situation of the parties. The plaintiffs were doing business at Iowa City, in the State of Iowa, while the defendant's place of business and where the goods were to be shipped was in the extreme western part of this state. We think that proof of notice as usually understood by merchants in their business transactions was

sufficient, either by showing actual knowledge, or by letter in due course of mail. The plaintiffs proved and it is not disputed that the general manager wrote, sealed, stamped and addressed a letter to the defendant at its place of business, viz.: Frontier, Wyo., and deposited the letter so written, sealed and addressed, and with postage prepaid, in the U. S. postoffice at Iowa City, Iowa. This we think was a sufficient compliance with the notation as to giving notice. It was the exercise of the ordinary method of doing so, which in the absence of other evidence must be taken as the method contemplated by the parties, and if the letter miscarried or did not reach its destination the fault was not with the party sending it. If notice was to be given in any other way it should have been so provided as one of the conditions of the sale, and properly plead and a breach thereof assigned. In the absence of proof that a notice so attempted to be given was never received, the presumption is that it reached the person or party to whom the letter was addressed. "The fixed methods and systematic operations of the government's postal service have been long conceded to be evidence of the due delivery to the addressee of mail matter placed for that purpose in the custody of the authorities. The conditions are that the mail matter shall appear to have conformed to the chief regulations of the service, namely, that it shall have been sufficiently prepaid in stamps, correctly addressed, and placed in the appropriate receptacle." (Sec. 95, Wigmore on Ev., and cases cited.) When there is evidence tending to show that the letter never reached the person addressed that fact is competent as bearing upon the truth or falsity of the one claiming to have sent it. The question as to whether the notice was or was not given rested upon conflicting evidence and the court upon that question found in favor of the plaintiff below. The sending of the notice in the usual way was a compliance with the notation upon the margin of the order whether such notation be deemed a condition precedent, concurrent or merely collateral thereto. The order

for the goods is at the bottom of the itemized bill and is as follows:

"Date, April 11, 1902.
"*Equitable Manufacturing Co., Iowa City, Iowa.*

"Gentlemen:—Please deliver to us at your earliest convenience, f. o. b. transportation companies, the above assortment of goods.          The Frontier Supply Co.

"P. O., Frontier; County, Uinta; State, Wyoming.

"Freight Station, Kemmerer; Express Office, Kemmerer."

This order, the list of goods ordered, and the marginal notation were all on one sheet of paper, which was attached to the petition as an exhibit. No breach of the contract was alleged. The answer was a general denial and no evidence was offered by either party as to when the marginal note was endorsed. It is contended by defendants in error that the notation was for the convenience of the party. The rule is well settled that after judgment and on error the pleadings will be liberally construed. The goods were by the order to be delivered at the earliest convenience of the seller. If the ten days' notice was a condition precedent or concurrent it should have been taken advantage of by answer or in the evidence.

The petition is under Section 3560, Revised Statutes. That section in part is as follows: "In an action, counterclaim or set-off founded upon an account or upon an instrument for the unconditional payment of money only, it will be sufficient for a party to set forth a copy of the account or instrument, and to state there is due him, on such account or instrument, from the adverse party, a specified sum which he claims with interest." This section was construed by the Supreme Court of Ohio prior to its adoption in this state. In Cincinnati v. Cameron, 33 Ohio State, 336, it was said: "The petition is under Section 122 of the code, on an account, as has been stated, a copy of which is attached. A petition may be so made, although there was a special contract, if it had been fully performed, or if the conditions or modifications had been sanctioned by

defendants, and, in such case, *indebitatus assumpsit* would lie, or plaintiff might elect to plead specially." In Black v. Cheeser, 12 O. St., 621, the court said: "To constitute 'an account' within the meaning of Section 122 of the code, it is not necessary that the items be entered in an account book, provided they are such as usually form the subject of book account." The goods mentioned in the exhibit were and are ordinarily the subject of book account and there is nothing in the contention that they were not or do not appear to have been entered in an account book. Conceding that there are special contracts as contended contemporaneous with and precedent to the sale, the right of election as to pleading the cause of action remained in the plaintiff. They could use the abbreviated form of petition authorized by Section 3560, Revised Statutes, *supra,* or plead specially. (Cincinnati v. Cameron, *supra.*) The plaintiff having the right to so plead his cause of action, it became and was the duty of the defendant, if it desired to defend, to meet the issue in the pleading and the evidence. The exhibit consisting of the itemized statement, order and notation being attached to and filed with the petition, defendant had notice of what plaintiffs based their right to recover upon, and could not have been misled. The giving of the order for the goods was admitted upon the trial. The answer was a general denial and upon the evidence, in the absence of any defense by way of confession and avoidance either plead or in the proof, the court properly found and gave judgment for defendants in error.

The judgment will be affirmed.           *Affirmed.*

POTTER, C. J., and BEARD, J., concur.