## HILLIARD v. DOUGLAS OIL FIELDS.
### (No. 679.)

TRIAL—FINDINGS—SEPARATE STATEMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW—SUFFICIENCY OF EXCEPTIONS—HARMLESS ERROR—STATUTES—CONSTRUCTION—ACCOUNT, ACTION ON—EVIDENCE—MINES AND MINERALS—CONTRACT—CONSTRUCTION—ASSUMPSIT—MONEY PAID—RECOVERY.

1. Where, in an action on an account the findings of fact were that the defendant became indebted to the plaintiff in a stated sum for the items and in the amounts set forth in the

petition and more particularly specified in a certain exhibit attached to the petition, that no part of the sum had been paid and that the interest amounted to a stated sum, and the conclusions of law were that the amount of said indebtedness with interest was due from the defendant to the plaintiff, and that plaintiff was entitled to recover and have judgment and execution therefor with costs. *Held,* that such findings and conclusions were sufficient to constitute a general finding in favor of the plaintiff and against the defendant, but imperfect and insufficient as special findings under section 4515, Compiled Statutes, 1910, which requires that upon request the court shall state in writing the conclusions of fact found separately from the conclusions of law.

2. A mere general exception to a finding is insufficient to preserve for review an objection that it is insufficient as a compliance with a request for a separate statement of conclusions of fact and conclusions of law.

3. Where a party has requested a separate statement of conclusions of fact and law, a failure of the court to comply therewith will not be ground for reversal when it appears from the record that such failure was not prejudicial.

4. Where error is assigned upon the failure of the court upon request to state separately in writing its conclusions of fact and conclusions of law, and other assignments are to the effect that neither of the findings made nor the judgment is supported by sufficient evidence, and the evidence is incorporated in the bill of exceptions and returned as a part of the record. *Held,* that the entire evidence is before the court for examination to ascertain if the error in the failure to sufficiently state separately the conclusions of fact and law was prejudicial.

5. Section 4515, Compiled Statutes, 1910, which requires upon request a separate statement in writing of conclusions of fact and law, having been adopted from Ohio in 1886, the same was adopted with the judicial construction placed upon it prior thereto by the courts of that state.

6. Where nothing remains to be done under a contract except to compute the items of expenditures made thereunder, the party entitled to recover the amount therof could maintain an action therefor upon an account without suing specially upon the contract.

7. Where an action arising out of a contract is properly brought upon an account for the services performed and expenditures made, the contract is admissible in evidence.

8. Under a contract obligating one of the parties to pay to the other expenses connected with certain oil property from the date of the contract if the property should be conveyed to him at his request, but not otherwise, he was not liable for the expenses where the property was not so conveyed to him but, as permitted by the contract within a specified time, was conveyed to another.

9. Where one held an interset in an oil lease under a contract providing that he took such title only as his predecessor had, he was chargeable with notice that the title of his predecessor was being litigated, and he was liable upon an implied promise to pay for his proportionate part of the expenses of defending the lease, and it was immaterial whether or not a certain contract was authorized by one acting as his agent binding him to pay his share of such expenses.

10. Such liability was enforceable in an action on an account.

11. The admission of incompetent evidence not affecting the result is harmless.

12. No recovery can be had in assumpsit for money paid to the benefit and use of another unless it has been actually paid.

[Decided April 1, 1912.]                     (122 Pac. 626.)

ERROR to the District Court, Converse County; HON. RODERICK N. MATSON, JUDGE.

The action was brought in the district court by the Douglas Oil Fields against Robert O. Hilliard. From a judgment for plaintiff, the defendant brought error. The material facts are stated in the opinion.

*Clark & Clark,* for plaintiff in error.

Each cause of action having been framed upon an itemized account set forth in an exhibit and it having been pleaded that the defendant was indebted in a stated amount for a specified proportion of certain expenditures, without any reference in the petition to any express contract, the admission in evidence of the contract or contracts upon which the claims were based was error. The propriety of the petition must depend entirely upon section 4406, Compiled Statutes, 1910, which declares that in an action, counter-claim or set-off founded on an account or upon an instrument for the

unconditional payment of money only, it shall be sufficient to set forth a copy of the account or instrument, with all credits and indorsements thereon, and to state that there is due on such account or instrument from the adverse party a specified sum, which is claimed with interest. If the case of Frontier Supply Co. v. Loveland, 15 Wyo. 313, is in point as has been contended by the plaintiff below it is not an authority favorable to him. The entire object of the code is to do away with technical forms to the end that pleadings may be framed in simple, concise language, and so that a petition may definitely inform the defendant of the ground upon which his liability is sought to be maintained. This was not done by the petition in this case. Items of cash are not the proper subject of book account and the section of the code above cited is not applicable thereto. (McKenny v. Goodall, 1 O. C. C. 23; Horning v. Poyer, 18 Id. 732.)

The findings and conclusions do not comply with the request that the conclusions of fact and law be separately stated in writing. This point was made in the motion for new trial, as well as that the conclusions of law and the judgment are not supported by any finding of fact. (Comp. Stat. 1910, sec. 4515.) The failure to make sufficient findings upon request therefor is reversible error. (School Dist. v. Western Tube Co., 13 Wyo. 304; Shattuck v. Costello, (Ariz.) 68 Pac. 529; Kehr v. Hall, (Ind.) 20 N. E. 279; Ex parte Walls, 73 Ind. 95; Mitchell v. Brawley, 140 Ind. 216; Hamill v. Talbott, 72 Mo. App. 22; Ins. Co. v. Tribble, 86 Mo. App. 546; Evans v. Kister, 92 Fed. 828; Land Co. v. Lombard, 132 Fed. 721; Mitchell v. Jensen, 29 Utah, 346, 81 Pac. 165; Wood v. Broderson, 12 Ida. 190, 85 Pac. 490; Daggs v. Hoskins, 5 Ariz. 236, 52 Pac. 357; Carpenter v. Yeadon Borough, 208 Pa. 396, 57 Atl. 837; McHale v. Wellman, 101 Tenn. 150, 46 S. W. 448; Farmer v. Power Co., 117 Wis. 76, 93 N. W. 830.) The insufficiency of the findings under the request made is plain. Some of the items claimed in the first cause of action were disallowed, but the finding fails to show the items which

were thus disallowed and the items for which judgment was rendered. The second cause of aciton was founded upon a contract executed by one assuming to act as agent for the defendant, and the principal issue at the trial had reference to the authority of such agent. The court failed to find that the contract had ever been made, or to make any finding respecting the agency. There is nothing in the findings beyond that which would be found in a mere judgment for the amount.

Upon no possible construction of the contract of August 16, 1904, could the court properly have found that the defendant was liable for any of the items set forth in the first cause of action. The contract may be ambiguous in other respects, although it appears to have been drawn with the utmost care, but under one of the sections it is clear Hilliard did not assume any liability with respect to indebtedness incurred after August 16, 1904, and no such liability has arisen under any other section.

The items set out in the account annexed to the petition upon which the second cause of action is based are expenses in connection with a certain litigation; the cause of action is based upon a contract signed by one assuming to act as agent for Hilliard. It was sought to sustain this agreement on the ground that the purported agent had express, implied or apparent authority, or that Hilliard had ratified his act in executing the contract. The evidence is insufficient to show any express authority. The person who executed the contract had been appointed arbitrator by Hilliard, but that did not give him the authority to execute a contract. (3 Cyc., 625.) A power of attorney was relied upon, but that instrument was not executed until a month later than the contract in suit, and is specific in terms as to the authority granted, excluding the execution of the lease to Hilliard, or the agreement here involved. None of the letters of Hilliard which had been destroyed, and from which it was sought to show express authority to the agent, were admissible in evidence. (2 Ency. Ev. 234.) But if parol evidence had been

admissible, there is nothing in the record to indicate that any of them authorized this agreement. It is submitted that the entire evidence is insufficient to show any express or implied authority for the execution of the lease. (Clark & Skyles on Agency, page 498; Bank v. Steamship Co., 95 Cal. 1, 29 Am. St. 85; Gregory v. Loose, 19 Wash. 599, 54 Pac. 33; Durkee v. Carr, 38 Or. 189, 63 Pac. 117; Harnett v. Garvey, 36 N. Y. Super. 326; Markham v. Ins. Co., 69 Ia. 515, 29 N. W. 435; 31 Cyc., 1399.) Express authority is what its name implies; implied authority is derived from express authority, being such additional authority as is necessary, usual, reasonable and proper to carry out the express authority; apparent authority is created by estoppel. (Clark & Skyles on Agency, page 464; Gregory v. Loose, supra.) The fact that Hilliard took possession of the lands included in the agreement does not establish a ratification, for he was entitled to his share of the lands under the contract of August 16, 1904, and had he known that in the sub-lease a condition required him to pay a part of the litigation expenses and he had then taken possession, that would not have been a ratification. It appears, however, that he did not know of the existence of the agreement, and he could not, therefore, ratify it.

The statutory action on an account is nothing more nor less than the common law action of assumpsit, and the same rules apply. (Cincinnati v. Cameron, 33 O. St. 336; Frontier Supply Co. v. Loveland, 15 Wyo. 313.) To recover for money paid, it is necessary that the money shall have been actually paid; the mere incurring of an indebtedness is not sufficient. (27 Cyc., 836, 837.) The declaration of an agent respecting his authority cannot bind the principal, and it is error to admit evidence of such declaration standing alone. Evidence of that character was erroneously admitted, and it is submitted that upon the record in this case the court cannot properly apply the rule that in a trial by the court the erroneous admission of evidence would not be deemed prejudicial error, because of the presumption that the judge rejected such evidence in reaching his conclusion.

*William B. Ross,* for defendant in error.

An action upon an account under the statute is different from a common law action on account. Subjects may be embraced in such an action which have their origin in contracts express as well as implied. If the defendant is liable under the rules of law for services rendered, for expenditures made, or for goods delivered, or for anything else, he may be sued in an action on an account, or in any other form. The two causes of action were properly pleaded, although the claim may have been for particular items arising out of express contracts. The contention that Hilliard is under no obligation to the plaintiff is not reasonable, if it is a fact that he entered into the contract of August 16, 1904, whereby he received from the plaintiff a certain proportion of this property and agreed to pay the same proportion of the expenses and obligations relating to the same. The object of the action on an account is to recover sums due when the transaction covers several items. (1 Cyc., 471-474; 1 Ency. Pl. & Pr. 90; Miller v. Armstrong, (Ia.) 98 N. W. 561; Clark v. Clark, 46 Conn. 586; Lovell v. Earle, 127 Mass. 546; Horning v. Poyer, 18 O. C. C. 732; Schmidt v. Wambacker, 62 Ga. 321.) It is well established that though there may have been a contract, if the contract is terminated so that nothing remains to be done under it, and there is a certain definite sum due from one to the other, under the terms of the contract, or if such sum can be determined by computation, the suit may be upon the account and need not be upon the special contract; and this is especially true where there are other items proper subjects of account between the parties, so that it is no defense to such an action that some of the items arose under special contract. (1 Cyc., 474; 1 Ency. Pl. & Pr. 90; Cincinnati v. Cameron, 33 O. St. 336; Bank v. Patterson, 7 Cranch, 299; Ingle v. Jones, 69 U. S. 1; Schmidt v. Wambacker, 62 Ga. 321; Club v. Holmes, 42 Atl. 392; Felton v. Dickinson, 10 Mass. 287; R. Co. v. Gibbons, (Ga.) 32 S. E. 151; Coney v. Horne, (Ga.) 20 S. E. 213; Tumlin v. Bass F. Co., (Ga.) 20 S. E. 44;

Frontier Supply Co. v. Loveland, 15 Wyo. 313; Wilkins v. Stevens, 8 Vt. 214; Newton v. Higgins, 2 Vt. 366; Connor v. Hutchinson, 17 Cal. 279.) It is too late to object to the form of the pleadings, since the answer is a general denial, and no motion relating to the pleading was made. (Miller v. Armstrong, (Ia.) 98 N. W. 561; Connor v. Hutchinson, supra.)

The findings and conclusions of the court not only substantially but fully comply with the law. When the court found upon the proposition of the defendant's indebtedness to the plaintiff, it found the ultimate fact. (Wheelock v. Godfrey, 35 Pac. 320; McEwen v. Johnson, 7 Cal. 261; Murdock v. Tinney, 21 Mo. 140; Parke v. Hinds, 14 Cal. 417; Johnson v. Klein, 70 Cal. 186; Williams v. Hall, 79 Cal. 606; Healey v. Norton, 41 Pac. 1080; Badger v. Daenieke, 56 Wis. 678; Mulcahy v. Buckley, 100 Cal. 484.) If the findings were insufficient that would not be ground for reversal unless the defendant was prejudiced thereby. (Oxford Tp. v. Columbia, 38 O. St. 94; Catlin v. Henton, 9 Wis. 447; Springer v. Avondale, 35 O. St. 623; Krohn v. Heyn, 77 Tex. 320; Levi v. Daniels, 22 O. St. 38; Davis v. Franklin, 25 Ind. 407; McDonald v. Burton, 68 Cal. 454; Mathews v. Kinsell, 41 Cal. 512; Houston v. Trimble, 3 Ia. 374; Leach v. Church, 10 O. St. 149; Thomas v. Sprague, 11 Mich. 120; Farmers L. & T. Co. v. Ry. Co., 127 Ind. 252; Watterson v. Kirkwood, 17 Kan. 9; Carpenter v. Warner, 38 O. St. 420; O'Reilly v. Campbell, 116 U. S. 418; Knox v. Trafalet, 94 Ind. 348; Smith v. Coe, 29 N. Y. 669; Stover v. Baker, (Cal.) 21 Pac. 428; Meath v. Board &c., 109 U. S. 930.)

The proper construction of the contract does not sustain the contention of plaintiff in error that he could be made liable on the first cause of action only after the lapse of two years. Properly construed the contract obligates him to pay his proportion of the expenses sued for in that cause of action. His liability with relation to the second cause of action necessarily results from the same facts that fix his

liability under the first cause of action. The services for which the expenditures were incurred having been received by Hilliard it does not matter whether the defendant in error, plaintiff below, paid for those services or not. Being liable for them to the party by whom the services were rendered it may sue Hilliard for his proper proportion. (Smith v. Pond, 77 Mass. 234.) The party who signed the sub-lease for Hilliard was his arbitrator at the time, and the property was disposed of in accordance with the terms of the printed contract. There is no evidence showing a refusal on Hilliard's part to abide thereby, and even though he had refused it is not set up as a defense. His refusal to accept the property could not have been interposed under a general denial. It is clear that in the execution of the sub-lease the party acting for Hilliard considered that he was doing only what he was required to do as the arbitrator selected by him. His authority to execute the lease was fairly given by a provision of the printed contract defining the authority of the arbitrator or arbitrators.

SCOTT, JUSTICE.

This action was commenced in the district court of Converse County by the defendant in error as plaintiff and who will be referred to in this opinion as plaintiff, against the plaintiff in error as defendant and who will hereinafter be referred to as defendant, upon two alleged causes of action upon separate accounts. The first cause of action is for an alleged indebtedness of $1,538.72 on an account for work, labor and services performed and expenditures made in and about the business of and at the request of defendant between August 16, 1904, and July 30, 1906. The second cause of action is for money alleged to have been paid out at different times for and on behalf of defendant and upon his request between January 1, 1905, and December 1, 1908. It is alleged that a copy of each account marked respectively exhibits "A" and "B" is attached to and made a part of the petition. Exhibit "A" upon which the first cause of action is based is entitled "Robert O. Hilliard, Dr., to Douglas Oil

Fields" then follows the items of account which aggregate $5,385.51, and then the following: "2-7 (Hilliard's share) equals $1,538.72." Exhibit "B" which is the basis of the second cause of action is entitled "Robert O. Hilliard, Dr., to Douglas Oil Fields" then follows the items aggregating $3,185.58, and then the following: "3-8 (Hilliard's share) equals $1,194.59." The answer is a general denial. The case was tried without the intervention of a jury and the court after argument and submission took the case under advisement. The journal entry recites: "That the defendant having requested the court to separately state its findings of fact and its conclusions of law herein does say and find as follows, to-wit:

"The above case having heretofore in obedience to the order of this court of May 13, 1910, been set down for trial on September 6, 1910, and having been continued until September 9, 1910, and the same having been proceeded with on the last named date by the consent of counsel the case having been adjourned to Cheyenne for the introduction of further testimony and final argument to be had at such time as the business of the court would permit, and the business of the court now permitting it to be heard, come now the above named parties on this 30th day of December, 1910, by their respective attorneys, and the case is proceeded with by the introduction of evidence until the conclusion of the same, and thereupon the same is argued to the court, and the court being duly advised in the premises and the defendant having requested the court to separately state its findings of fact and its conclusions of law herein does say and find as follows, to-wit:

### I.

#### FINDINGS OF FACT.

1. That by reason of the matters and things set forth in the first cause of action of plaintiff's petition herein, the defendant on July 30, 1906, became indebted to the plaintiff for the items and in the amounts set forth in said first cause of action and more particularly specified in Exhibit A at-

tached to and made a part of said petition not in the sum of $1,538.72, but in the sum of $1,387.29, for services and expenditures made by the plaintiff on behalf of the defendant; that no part of said amount has been paid by said defendant or by anyone on his behalf; and that the interest on said sum from August 30, 1906, to the present time is $480.93.

·2.   That by reason of the matters and things set forth in the second cause of action in plaintiff's petition herein the defendant on November 8, 1908, became indebted to the plaintiff for the items and in the amounts set forth in said second cause of action and more particularly specified in Exhibit B, attached to and made a part of said petition, as the same were corrected on the trial of the case in the sum of $1,061.86; that no part of said sum has been paid said plaintiff by said defendant or by anyone on his behalf; and that the interest on said sum from December 8, 1908, to the present time amounts to the sum of $174.61.

## II.

### CONCLUSIONS OF LAW.

And as conclusions of law this court does say and find as follows, to-wit:

1.   That under the first cause of action as set forth in plaintiff's petition there is now due from the defendant to the plaintiff the sum of $1,387.29 as principal and $480.93 as interest amounting in all to the sum of $1,868.22; and that the plaintiff is entitled to recover said sum from the defendant and to have judgment and execution therefor.

2.   That under the second cause of action set forth in plaintiff's petition herein there is now due the plaintiff from the defendant the sum of $1,061.86 as principal and $175.61 as interest, amounting in all to the sum of $1,236.47; and that the plaintiff is entitled to recover from the defendant said sum and to have judgment and execution therefor.

3.   That the plaintiff is entitled to recover from the defendant its costs herein and to have judgment and execution therefor."

Judgment was rendered accordingly and the journal entry proceeds as follows:

"To all of which findings of fact, conclusions of law, judgment and order the defendant does now and here except."

A motion for a new trial was made and presented to the court which overruled the same and the defendant brings error.

1. It is assigned as error that the court refused to make and state separately its findings of fact and conclusions of law in accordance with section 4515, Comp. Stat., as requested by the defendant. The findings of fact and conclusions of law hereinbefore set out are in our judgment sufficient to constitute a general finding in favor of the plaintiff and against the defendant. We are also of the opinion that as a special finding of fact within the provision of section 4515, supra, they are each imperfect and insufficient. It appears that the trial court intended them as special findings and responsive to the request. The exception can not be here considered, for it does not appear that it was based upon the ground of imperfection or insufficiency of a special finding of fact. The exception is as follows: "To all of which findings of fact, conclusions of law, judgment and order the defendant does now and here except." There is no suggestion that they were imperfect or insufficient to comply with the request for special findings in the exception, or in the motion for a new trial; and in the assignment of errors here made the only assignment in this respect is that the court erred in refusing to make separate findings of fact as requested by plaintiff. The findings are also attacked in the motion for a new trial and on other assignments on the grounds that they are not sustained by sufficient evidence, or any evidence, and that the conclusions of law are not supported by any finding of fact. In Levi v. Daniels, 22 O. St. 38, 44, there was a finding of fact made in response to a request for special findings and the court say: "If the finding of the court was faulty, in being too general

and comprehensive, and not responding to the specific questions of fact on which questions we express no opinion now —it is enough to say that the plaintiff in error did not except to the finding on that account, and that he is not prejudiced thereby, as the testimony which he himself has furnished in his bill of exceptions, gives the facts in detail, and may well be substituted for a more formal and specific finding of the court." In that case the exception was as follows: "And the defendant excepts to the aforesaid conclusions of fact, for that the same are contrary to the law and to the evidence." In the case before us the ground of the exception when made was not stated to the court. The court's attention was not called to the imperfection in the finding, nor did the exception specify wherein the finding was not sufficiently specific. (8 Ency. Pl. & Pr. 276, and cases in the foot note.) Had that been done the court would have been given an opportunity to have made any correction had it been deemed necessary. Having failed to specify the incompleteness or imperfection in the finding, or filed a motion or objection requesting more specific findings, thus giving the trial court an opportunity to make the correction loses to the defendant the right to have that paricular objection here reviewed.

If, however, the proper exception had been made still the judgment should not be reversed if it appears from the record that such failure or refusal to make special findings of fact was not prejudicial error. It is said in 38 Cyc., at page 1953 as follows: "The making of findings of fact and conclusions of law is for the protection of both court and parties, the purpose of such findings and conclusions being to dispose of the issues raised by the pleadings, and to make the case easily reviewable by exhibiting the exact grounds upon which the judgment rests." It simplifies the matter of appeal upon the question as to whether upon a given state of facts, or special findings of fact the law has been correctly applied. Had the defendant desired to do so he could have brought that question here for determination without a

transcript of the evidence incorporated in the bill. He has done more than that, and by other assignments to the effect that neither of the several findings of fact nor the judgment is supported by sufficient evidence asks an examination of all the evidence given upon the trial and which evidence is incorporated in the bill and here returned as a part of the record for the purposes of a review of these assignments. That being so, the entire evidence is before this court for examination to ascertain if the error complained of was prejudicial. Section 4515, supra, was adopted in 1886, together with other provisions from the Civil Code of Ohio, and the views herein expressed accord with the construction placed thereon by the Supreme Court of Ohio, prior to its adoption in Wyoming. If we adhere to the rule heretofore recognized by this court then we adopted the statute with the judicial construction resting upon it by the court of the state from which it was adopted at the time of its adoption. (Crumrine v. Reynolds, 13 Wyo. 111, 78 Pac. 402.) In Oliver v. Moore, 23 Ohio St. 473, upon request the court stated its conclusions of fact and law separately. A motion for a new trial was made upon the ground, among others, that the findings of fact were against and contrary to the evidence. The motion was overruled, and plaintiff excepted, and by bill of exceptions placed all the testimony in the case upon the record. It was held that the trial court erred in its special finding and the court say: "The judgment, however, should not be reversed on account of the error in this special finding, unless the plaintiff was prejudiced thereby. In order to ascertain whether there was such prejudice, we must look into the whole record to see whether the same judgment should have been rendered notwithstanding the intervention of this error." In Oxford Tp. v. Columbia, 38 Ohio St. 87, 94, a statement of separate conclusion of facts and of law was requested but were not separately stated. The court, after quoting section 5205, R. S. O., which is identical with our section 4515, supra, say: "This provision is one of much importance, and it is in no sense directory.

That there is no proper compliance with the request is admitted; and it is clear to us that the action of the court in that respect affords ground of reversal, unless it is shown that the plaintiffs were not prejudiced thereby. But we are of the opinion that it is shown that there was no such prejudice as to call for a reversal on that ground. The record contains all the testimony offered on the trial, and objection is made that the judgment below is opposed to the weight of the evidence. In deciding the case, therefore, we necessarily ascertain the facts." It is provided by section 5109, Comp. Stat., that "A judgment rendered or final order made by the district court, may be reversed, vacated or modified by the Supreme Court, for errors appearing upon the record." The bill of execptions, containing all of the evidence given upon the trial, is a part of the record in the case before us. We are not limited to a consideration of a part of the record but may consider such parts of the record as are germane to a disposal of any assignment of error. If an error appear upon the record a reversal will not necessarily follow unless the error be prejudicial. It is provided by section 4599, Comp. Stat., that "No exception shall be regarded unless it is material, and prejudicial to the substantial rights of the party excepting." To sustain the contention of the defendant in error upon this record would, we think, repudiate the construction placed upon the statute by the Supreme Court of Ohio prior to its adoption in this jurisdiction and would overturn and render nugatory section 4599, which makes no distinction but is applicable to all cases. The review must be upon the record here presented, and if that record shows nothing more than error without prejudice this court should not reverse the judgment.

2.    Upon the trial the plaintiff was permitted over objection that the action was in assumpsit and that it had not been pleaded to introduce a written contract, dated August 16, 1904, between the parties in support of the first cause of action and also over a like objection a contract dated October 31, 1904, in support of the second cause of action. These

contracts are voluminous and it is unnecessary to set them out in full.   By the first contract, among other things, it was agreed that the parties were joint owners of certain oil claims in the proportion of 2-7 to Hilliard and 5-7 to the company.   That the title should vest in and be held by the company for the purpose of organizing a corporation to take over the land, and if successful that 2-7 of the proceeds of such sale should be paid to Hilliard and 5-7 should be retained by the company.   If at the end of two years the company had been unsuccessful in the venture the interest of Hilliard should be deeded back to him, and that he would pay 2-7 of all expenses of the venture.   This was the basis of the liability upon the account set forth in the first cause of action.   In the second cause of action the account is founded upon the agreement of Hilliard in the contract dated October 31, 1904, to bear 1-3 of the costs and expenses of certain litigation involving the validity of a lease of certain oil lands and in which Hilliard owned a 1-3 interest and the company the other two-thirds.   It is claimed that the items of account contained in exhibit "B" arise out of this agreement and form the basis of the second cause of action and that the contracts should have been pleaded.   The proof is that both of these contracts, whether valid or invalid, and regardless of any other view that we may take of them, had terminated prior to the commencement of the action, the former by limitation and the latter by the termination of the litigation to which it had reference.   Nothing remained to be done under the contracts except to compute the items of expenditures made under them and that being so the action upon account could be maintained without suing on the contracts.   (1 Cyc., 474, 495-496; 1 Ency. Pl. & Pr., 90; City of Cincinnati v. Cameron, 33 O. St. 336; Bank of Columbia v. Patterson, 7 Cranch. 299, 3 L. Ed. 351; Schmidt v. Wambacker and Weil, 62 Ga. 321; Elm City Club v. Howes (Dec. 2, 1898), 92 Me. 211, 42 Atl. 392; Felton v. Dickinson, 10 Mass. 287; Talbottom R. Co. v. Gibbons (Dec. 17, 1890), 106 Ga. 229, 32 S. E. 151; Coney v. Home. (April

30, 1894), 93 Ga. 723, 20 S. E. 213; Tumlin v. Bass Furnace Co. (March 19, 1894), 93 Ga. 594, 20 S. E. 44; Frontier Supply Co. v. Loveland, 15 Wyo. 313, 88 Pac. 651; Metcalf v. Gilbert (Wyo.) 116 Pac. 1017.)

In Ingle v. Jones, 2 Wall. (69 U. S.) 1, 17 L. Ed. 762, the doctrine is clearly announced as follows: "While a special contract remains executory, the plaintiff must sue upon it. When it has been fully executed according to its terms and nothing remains to be done but the payment of the price, he may sue on the contract or in *indebitatus assumpsit,* and rely upon the common counts." In Smith v. Wambacker and Weil, supra, a contract was introduced in evidence and it was claimed that this contract limited the recovery to certain things specified therein alone. The action was an action on an account, and the contention of the defendant that the action should have been on the contract was not sustained. In Frontier Supply Co. v. Loveland, supra, the petition, as in the case here, was in the short form under section 4406, Comp. Stat. 1910 (sec. 3560 R. S. 1899) upon an account for goods sold and delivered. This court said: "Conceding that there are special contracts as contended contemporaneous with and precedent to the sale, the right of election as to pleading the cause of action remained in the plaintiff." In Metcalf v. Gilbert, supra, this court said: "It is settled law that where the contract has been fully performed by the plaintiff, and nothing remains to be done but the payment of the money by the defendant, it is not necessary to set out or declare upon the special contract, but the liability of the defendant may be enforced under a count for the reasonable value of the services. In such case the contract may be used as evidence, and the recovery can not exceed the amount thereby agreed upon; the only effect in such case of proof of an express contract as to price is that the stipulated price becomes the *quantum meruit.*" The plaintiff having the right and having so pleaded the general denial contained in the answer put in issue the liability of the defendant. The authority to make the charge could be sus-

tained by no better proof than the contract itself if sufficient for that purpose and otherwise admissible.

The contracts being thus in the record, in so far as they are germane to the issue upon the alleged indebtedness sought to be recovered in this suit, they must be construed in determining whether the judgment is unsupported by the evidence and is contrary to law.

3. By the terms of the written agreement executed on August 16, 1904, between Hilliard and certain stockholders of the Douglas Oil Fields, it was decided to separate their interests by arbitration, which was had, the arbitrators' report being dated October 31, 1904. By the terms of the contract, Hilliard owned two-sevenths of certain lands known and described as gas lands and the company owned five-sevenths either in fee or by lease, and which are described by schedule attached to the contract. By section 10 it was agreed in substance that the company should retain title to the gas lands and (1) sell them to some individual; or, (2) transfer them to a company to be organized; and (3) in either case, turn over to Hilliard two-sevenths of the purchase price. If, however, the lands were not sold or conveyed to a company within two years, that is, prior to August 16, 1906, then (1) if Hilliard so requested, the company should transfer to him a two-sevenths interest in the property itself; and (2) upon such conveyance to Hilliard at his request, and in such case only, Hilliard, should pay two-sevenths of the expenses incurred upon or in connection with the property after the date of the contract. The parties were bound by its terms, and acting upon and within the time stated in the contract, the Douglas Oil Fields organized a gas company and conveyed the gas lands to it. Under the express condition of their contract this relieved Hilliard from the payment of any expenditures made after its date. Each of the items of the account sued upon in the first cause of action accrued, if at all, subsequent to August 16, 1904, the date of the contract, and upon the facts the contingency which would fix the liability upon the defendant to pay two-

sevenths or any part of them never occurred. We are therefore of the opinion that the judgment upon the first cause of action is not supported by the evidence and is for that reason contrary to law.

4. It is contended by the defendant that the right to recover upon the second cause of action is based upon an alleged contract dated October 31, 1904, signed by one McWhinnie as agent for Hilliard. The authority of the agent to bind Hilliard thereto is disputed. The contract is in form a sub-lease of 120 acres described by legal sub-divisions included and which land constituted one-third of the acreage covered by the lease from Hamilton to one Phillips and which was theretofore assigned to the Douglas Oil Fields, and recites that Hamilton had commenced suit to cancel the lease and that the Douglas Oil Fields had also commenced suit against Hamilton to enjoin him from interfering with the leased premises and that Hilliard should share and bear one-third of all costs and expenses entailed in the defense and prosecution of these actions. The items set out in the account marked "Exhibit B," annexed to the petition, are alleged expenditures in connection with this litigation. The land covered by the Hamilton lease aggregated 360 acres and was not involved in the matter of expenditures sought to be recovered in the first cause of action. Owing to the difficulty in making and setting apart each one's share in the proportion of two-sevenths to Hilliard and five-sevenths to the company, it was agreed by the contracts that Hilliard's share should be 120 acres in accordance to the government subdivisions or a tract equal to one-third of the acreage and accordingly the S. W. ¼ of the S. W. ¼ of Sec. 4 and the N. ½ of the N. W. ¼ of Sec. 9, Tp. 32 N. of R. 73 W. was set aside to Hilliard and the balance of the acreage to the company. The lease by its terms was to expire on August 4, 1912, was executed on August 4, 1902, to J. Bevan Phillips, who as trustee, on December 14, 1903, assigned the lease to Douglas Oil Fields and the latter, by the contract of October 31, 1904, sub-leased the above described 120 acres.

to the Wyoming Oil and Development Compnay, a corporation created through and by Hilliard's instrumentality.

It will be observed that title to all the land by virtue of and included in the Hamilton lease was involved in the suits with Hamilton at the time the arbitrators made their award. The interests of Hilliard and the Douglas Oil Fields in sustaining the lease were common. The arbitrators attempted to sever such interests under the contract of August 16, 1904, which provided that Hilliard would take or claim or insist only upon such title as the company had. The sub-lease or agreement of October 31, 1904, by its terms is a substitute for any other deed or instrument as showing Hilliard's title and right under the Hamilton lease as ascertained by the arbitrators. It was the company's title under the lease that was being assailed and which materially affected Hilliard's interest therein and was in litigation at the time the award was made by the arbitrators. The acreage awarded to Hilliard constituted one-third of the acreage covered by the Hamilton lease. He and the company held title from a common source. Failure to maintain the company's title to the land in the litigation would be equally fatal to Hilliard's title. While he repudiates the contract, we think he must be charged with notice of the arbitrators' action and the award to him of this land, and further, whether McWhinnie was clothed with power to bind him to the contract of October 31, 1904, or not, that such contract was admissible in evidence as showing a compliance with the arbitrators' award, and in the absence of fraud or exception thereto he will be held to have accepted the fruits of such award. Having agreed to take such title only as the company had he took the title impressed with a law suit and we think was charged with notice that the title was being litigated. Under such circumstances, Hilliard must be held equitably bound to pay his proper proportion of the expenditures of the plaintiff in defending the lease, and the same are recoverable in this kind of action; and the evidence tending to show his knowledge that such expenditures were being made for his benefit

without objecting thereto, is sufficient, we think, to raise an implied promise on his part to reimburse the plaintiff therefor. We are therefore of the opinion that it is wholly immaterial whether McWhinnie was empowered to bind Hilliard as his agent in the execution of the contract of October 31, 1904, and that Hilliard's liability is shown to exist independent thereof.

5. Objection was made to the following question propounded to Arthur W. Phillips in his deposition, to-wit: "He (meaning McWhinnie) always, in fact, led you to believe that he had absolute authority to represent and bind Mr. Hilliard in every way?" We need not discuss the question as to the competency of this evidence other than to say that if it be conceded to be incompetent it cannot change the result of this case in view of the conclusion reached as to the extent to which the contract of October 1, 1904, was valid.

6. It was proven by plaintiff's witnesses that the last item of $1,377.89 in Exhibit "B" charged November 1, 1908, for legal services in Hamilton cases has not been paid. The form of the action is for money paid to the use and benefit of the defendant. There is, therefore, a total failure of proof in so far as this item is concerned. In any view of this case on the theory upon which it was presented and tried in the lower court it was necessary in order to recover this item to prove that it had been paid. The action is in the nature of the common law action of *assumpsit*. (Cincinnati v. Cameron, 33 O. St. 336; Frontier Supply Co. v. Loveland et al., 15 Wyo. 313, 88 Pac. 651.) The mere incurring the liability or indebtedness without payment is not sufficient to sustain the action. (27 Cyc., 836, 837.)

We are therefore of the opinion that the judgment upon the first cause of action should for the reasons stated be reversed; and that the judgment upon the second cause of action should also be reversed and vacated for the foregoing reasons unless the plaintiff shall, within 60 days after the mandate herein is filed in the District Court, remit all of

the judgment therein except the sum of $602.66 and legal interest thereon from December 8, 1908, to the date of the judgment; and upon the filing of such remittitur, the judgment for the reduced amount will be affirmed. The cause will be remanded for such further proceedings as may be proper not inconsistent with this opinion.

BEARD, C. J., and POTTER, J., concur.