SNYDER ET AL. *v.* THE NEW YORK, CHICAGO & ST. LOUIS RD. CO.

*Eminent domain—Appropriation of property by railroad—Motion for new trial does not lie from determination of jurisdictional facts—Review limited to record and judgment—Judgment may be correct, notwithstanding reasons assigned—Railroad may furnish requisite proof after action dismissed upon preliminary questions—Unnecessary to determine all jurisdictional questions, after adverse finding upon one—Corporation must establish all preliminary questions—Section 11046, General Code—Common pleas to retain case after reversing upon jurisdictional question—Railroad prosecuting review then entitled to dismiss case —Immaterial whether dismissal with or without prejudice —Ultimate effect upon complainant considered in determining whether judgment prejudicial—Judgment of common pleas court retaining proceedings not reviewable, when —Dismissal prerequisite to retrial of preliminary questions, when—Retention for trial de novo, equivalent to granting new trial, when—Error proceedings do not lie from granting motion for new trial—Anticipating favorable judgment not basis for prejudicial error in undecided questions.*

1. Where insolvency court, in proceedings by railway to appropriate property, found in favor of defendants on preliminary jurisdictional questions, no motion for new trial by defendants would lie, since no trial was had, and such motion by defendants would be futile.

2. In reviewing action of court of common pleas in proceedings to appropriate property, court speaks only from its record and judgment, and not from expressions from bench or elsewhere.

3. Judgment which court pronounces may be correct, notwithstanding reasons given are not well founded.

4. Where only preliminary jurisdictional questions were heard in insolvency court in proceedings by railway to appropriate property, railroad company would not be barred on dismissal of case from thereafter proceeding to furnish requisite proof which was lacking before dismissal.

5. Courts are not compelled to do a futile thing.

6. Where insolvency court, in proceeding by railroad to appropriate property, found that there was insufficient evidence showing inability of railroad to agree with owners before suit, so that it had no jurisdiction over proceedings, it was unnecessary to pass judgment on remaining preliminary questions, such as right to appropriate, necessity therefor, and existence of corporation, as required by Section 11046, General Code.

7. Under Section 11046, General Code, requiring determination, in appropriation proceedings, of existence of corporation, right and necessity for appropriation, and inability to agree with owner, all questions must be decided in favor of corporation before it can proceed with appropriation, and, if corporation is stopped at first step, it is not necessary to require it to take remaining steps.

8. In proceedings by railway to appropriate property under statute, it is duty of common pleas court, after reversal of judgment of insolvency court against railway on preliminary questions, to retain case *de novo*, and railroad company has privilege of dismissing case.

9. Where proceedings by railroad to appropriate property were dismissed by insolvency court on finding against railway on jurisdictional questions, and such action was reversed by common pleas, and case retained for trial *de novo*,

there was no judgment prejudicial to owners opposing appropriation making it immaterial whether case was dismissed by railway with or without prejudice.

10. In determining whether judgment of court is prejudicial, it is incumbent on Court of Appeals not only to examine record but bear in mind ultimate effect on complaining party.

11. Where order of insolvency court dismissing proceedings to appropriate property by railway on finding that evidence was insufficient to show inability to agree with owner, required by Section 11046, General Code, was reversed by common pleas court, and case retained for trial de novo, there was no basis for review of judgment of common pleas court by Court of Appeals.

12. Where determination by insolvency court of preliminary questions in appropriation proceedings against railway was reversed by common pleas court, and case retained for trial de novo, dismissal of case was condition precedent to retrial of preliminary jurisdictional questions.

13. Dismissal of proceedings by railway to appropriate property, and retention of same for trial de novo by common pleas court, after reversal of judgment of insolvency court, was in nature of granting of motion for new trial not reviewable by proceedings in error.

14. Proceedings in error cannot be taken to review granting of motion for new trial.

15. Prejudicial error in failure of insolvency court to pass on preliminary jurisdictional questions in proceedings by railway to appropriate property cannot be based on anticipation by plaintiff in error that judgment of court would be in its favor on such questions.

(Decided February 7, 1927.)

Error: Court of Appeals for Cuyahoga county.

*Mr. Frank C. Scott, Messrs. Klein, Harris & Diehm, Messrs. J. R. & H. R. Snyder,* and *Messrs. Snyder, Henry, Thomsen, Ford & Seagrave,* for plaintiffs in error.

*Messrs. Tolles, Hogsett & Ginn,* and *Messrs.*

*Boyd, Cannon, Brooks & Wickham,* for defendant in error.

SULLIVAN, P. J.   This cause comes into this court on error from the court of common pleas of Cuyahoga county, and it involves the judgments of the insolvency court and the court of common pleas rendered in proceedings to appropriate property commenced in the insolvency court by the New York, Chicago & St. Louis Railroad Company, known as the Nickel Plate Railroad, against J. Royal Snyder et al., owners of the property sought to be appropriated.

Under the statute, a hearing was first had as to the preliminary questions to be determined by the court.   Section 11046, General Code of Ohio, provides that "the probate judge [or, as in this case, the insolvency judge] shall hear and determine the questions of the existence of the corporation, its right to make the appropriation, its inability to agree with the owner, and the necessity for the appropriation.   Upon all these questions the burden of proof shall be upon the corporation, and any interested person shall be heard."

That the judgment of the insolvency court upon these jurisdictional matters may be reviewed has frequently been decided by the Courts of Appeals and the Supreme Court of Ohio.   We cite *Pittsburgh, Cleveland & Toledo Rd. Co.* v. *Tod,* 72 Ohio St., 156, at page 164, 74 N. E., 172.   It appears that in the instant case, upon a hearing had as to these preliminary jurisdictional questions, the court found that the evidence as to the inability of the railroad company to agree with the owners was insufficient in law, and this finding was incorporated

in the following entry upon the journal of the court:

"This day this cause came on to be heard on the jurisdictional questions, and it appearing to the court that there is insufficient evidence showing the inability of the plaintiff before bringing this action to agree with the owners of the parcels involved, and therefore without passing upon or adjudicating any other question, it is ordered, adjudged, and decreed that the petition be dismissed at the plaintiff's costs, to which ruling of the court said defendants except."

Thus it will be seen that the first judgment pronounced by the insolvency court was in favor of the owners and against the railroad company with respect to the jurisdictional questions. The owners, following this judgment in their favor, filed a motion for a new trial, but later this motion was stricken from the files. The reason therefor does not appear by any pronouncement upon the record on the part of the court, but it is clear that a motion for a new trial would not lie, as no trial was had, and, the judgment of the court being in favor of the owners, such motion was futile.

Subsequent to this judgment of the insolvency court, and within the statutory time, proceedings in error, under the statute relating to appropriation proceedings, were commenced in the court of common pleas, and it is from the judgment of that court that error is prosecuted. Therefore it becomes necessary to inquire into the action of the court of common pleas upon the judgment and record of the insolvency court, and it is incumbent upon us to bear in mind that under the authorities the court speaks only from its record and judg-

ment, and not from any expressions in relation thereto coming from the bench or elsewhere. We advert to this because much stress by able counsel for the owners of the property, plaintiffs in error, is placed on the attitude of the court, in its expressions from the bench, and upon the judgment of the court, as revealed by the voice of the record.

The reasons for the judgment of a court may not be well founded, but the judgment which the court pronounces may be correct, notwithstanding the reasons given therefor. It has been well said by Mr. Hughes, former Associate Justice of the Supreme Court of the United States, that, where courts are sure of their judgments, they should exercise great caution in giving the reasons therefor, because the reasons may not be consistent with, and may not respond to, the judgment.

In the error proceedings the owners of the property prayed that the judgment of the court of insolvency be set aside and held for naught, and that they might be restored to all things which they had lost thereby. We find an interlineation, about which some question has been raised, which reads, "Or modified to conform to true finding." This phrase just quoted was obviously intended to raise the question whether the insolvency court committed prejudicial error in its judgment by not pronouncing judgment upon the preliminary questions as to the existence of the corporation, its right to make the appropriation, and the necessity for the appropriation.

It is claimed by plaintiffs in error that under the statute it was the mandatory duty of the insolvency court to pronounce judgment upon all of these questions, and that it was error to pronounce judgment

upon one and fail to do so with regard to the rest. The obvious purpose undoubtedly as the basis of this assignment of error is that such judgment, if pronounced in the case at bar, would have barred the railroad company from new proceedings, under the principle of *res judicata.* We cannot agree with this contention, for, inasmuch as preliminary questions only were heard, and there was no trial before a jury with respect to the appropriation of the property, the railroad company, upon dismissal of the case, would not be barred from thereafter proceeding to furnish the requisite proof which was lacking in the action before dismissal upon the preliminary questions.

The proceedings in error from the insolvency court having been heard in the court of common pleas, the court reversed the judgment of the insolvency court upon the preliminary question as to inability to agree with the owners as to the purchase of their property, and the following entry was made:

"This day this cause came on to be heard on the petition in error, bill of exceptions and original papers, and was presented to the court and argued by counsel, and upon due consideration thereof the court finds that there was error in the court of insolvency, and reverses the judgment of said court and retains the case for trial *de novo* and final judgment as provided by law. To all of which all parties each and severally except."

Subsequently the railroad company, following the specific provisions of the statute, dismissed the action, and, in accordance with the requirements of the statute, paid into court the amount of the expenses, fees, and so forth, as fixed by the court.

This judgment was in favor of the plaintiffs in error, the owners of the property, so that we have the apparent anomaly of the judgment of the insolvency court in favor of plaintiffs in error being reversed upon their own proceeding in error, and the result being a second judgment favorable to the owners of the property and against the railroad company, because by its own action and the action of the court it was out of court.

Now we revert to the question of the action of the insolvency court, reviewed in the court of common pleas, as to whether the plaintiffs in error, the property owners, were entitled, at the conclusion of the hearing upon the preliminary questions, to a judgment of the court upon the three questions not passed upon, to wit, the right to make the appropriation, the necessity therefor, and the existence of the corporation. It is a well-settled proposition of law that courts are not compelled to do a futile thing. This principle is well grounded also in the law of contracts, because of its universal applicability to the laity as well as to the courts. If the record of the testimony at the preliminary hearing in the insolvency court was insufficient to satisfy the court of the inability of the railroad company and the owners to agree, then and thereupon the railroad company failed to make the requisite statutory test so as to give jurisdiction to the court in the proceeding to appropriate. Such a situation in the testimony is just as insurmountable a bar to the appropriation of the property by the railroad company as if the other three questions had been passed upon, and the judgment of the court upon the other three questions would not affect the legal status no matter which way

the court decided. In other words, it would be a futile thing, under such a status, to pass judgment upon the remaining three questions in the case at bar when the inability and impossibility of the right of the railroad company to proceed to appropriate is barred by the decision of the court that there was an inability between the railroad company and the owners to agree. Therefore it seems to us that judgments on these three points were not only unnecessary, but futile, and that therefore the court of insolvency committed no error in this respect prejudicial to plaintiffs in error, in whose favor, on the record, the judgment of the insolvency court was rendered.

To contest the preliminary questions, or any one of them, would be the logical course of the owners of property opposing the appropriation of their property for public purposes, and a judgment preventing the railroad company from going one step farther in the proceedings would be a pronouncement in favor of the plaintiffs in error, the owners of the property. That is the legal effect.

The intent of the Legislature, as we construe Section 11046, is not that the court must pass upon all the questions, but that all the questions must be decided in favor of the railroad company before it can proceed with its right to appropriate the property, and, if the company is stopped at the first step of the proceedings, it is not necessary, under our construction of the statute, to compel the court to make the defendant in error travel the other three steps. The inability of the company to stand the test of even one of the preliminary requirements bars it at the very threshold. There-

fore it is our opinion that there is no prejudicial error in the record in respect to the foregoing.

Under the statute it became the duty of the common pleas court, after reversal of the judgment, to retain the case *de novo,* and consequently the status, relationship, and rights of the parties were the same precisely as if the first step in the appropriation proceedings had been taken in the court of common pleas, and consequently the right to dismiss the case in the method prescribed by the statute relating to appropriation proceedings was the privilege of the railroad company. Whether the case was dismissed with or without prejudice is not material, for the reason that no judgment had been rendered in either court that was prejudicial to the rights of the plaintiffs in error.

In determining whether the judgment of a court is prejudicial, it is incumbent not only to examine the record, but to bear in mind the ultimate effect upon the complaining party. In other words, from our views expressed herein as to the judgments of the insolvency court, it is clear that the common pleas court committed error in reversing the judgment, and hence, if this judgment of reversal were before this court on ordinary proceedings in error, we would have to hold that the reversal was error of law. Thus the ultimate effect of the action of the court below would result in no prejudice to the plaintiffs in error, because, as before stated, the reversal which they sought, and which was in their favor, was contrary to law. However, under the statute, the common pleas court retained the case *de novo,* and the simple question merely is: Had the plaintiff a right to dismiss

its action by conforming strictly to the statute, and, if so, in what way is it possible for such an act to be prejudicial to the plaintiffs in error?

We have passed upon the questions raised because of the earnest contention of learned counsel for plaintiffs in error that there is a basis for their claims, but, if we properly construe the judgment of our Supreme Court, it will appear clear that in legal substance there is no basis for the procedure in the case at bar for a review of the judgments of the court below.

In this respect we cite *Railway Co.* v. *Bailey,* 39 Ohio St., 170, the syllabus of which reads:

"Where an order of the probate court appropriating land for the roadbed of a railroad company is reversed in the court of common pleas, under Rev. Stat., Sections 6437, 6438, the court retaining 'the cause for trial and final judgment as in other cases,' error will not lie to such judgment of reversal."

In that case the court says (page 171):

"The district court has power to reverse judgments and final orders (Rev. Stat., Sections 6707, 6709), but there had been no such adjudication in the common pleas as afforded ground for a proceeding in error to that court. The common pleas was vested with power to reverse the judgment or order of the probate court (Rev. Stat., Section 6437), but was required on reversal 'to retain the cause for trial and final judgment, as in other cases.' * * * Consequently, the rule in case of reversal of the judgment of a justice of the peace applied, and not the rule where the district court reverses the judgment of the court of common pleas and remands the cause for a new trial. This dis-

tinction is stated in *Schaeffer* v. *Marienthal,* 17 Ohio St., 183, which was of the latter class. Even the rule asserted in that case has been changed (80 Ohio L., 169), so that the statutory provisions are now harmonious in denying the right to review a judgment of reversal, where the cause is again for hearing on the merits.''

Again, upon the question of the entry of dismissal by the common pleas court, we think that there was nothing else which that court could do, for, if the company by the record had not exhausted its effort to agree with the owner, then its only recourse would be to make another attempt, but, in order to make the evidence competent, the efforts to agree would necessarily precede the commencement of the action. This status existed in the insolvency court, and, upon retention of the case, under the statute, a like condition prevailed in the court of common pleas. If this were not so, then the hands of the railroad company would be tied, and the right to appropriate before a jury would thus be forfeited by the action of the court without warrant in law. Therefore it follows that the dismissal was in the nature of a condition precedent to the right to try the proceedings to appropriate before a jury upon the merits of the case, and whether the dismissal was with prejudice, or without prejudice, would be immaterial, and equally nonprejudicial, for a denial of the right to retry the preliminary jurisdictional questions would do violence to substantive law.

The dismissal of the case and the retention of the same for trial *de novo,* after reversal of the judgment of the insolvency court, was in the nature of the granting of a motion for a new trial, and

practically, as far as procedure is concerned, is equivalent to such a legal status. If we are correct in this proposition, then there was no ground for proceedings in error, for it is well settled that error does not lie to the granting of a motion for a new trial.

It should be noted before closing this opinion that the obvious complaint of counsel for plaintiffs in error, with respect to the failure of the insolvency court to pass upon all of the preliminary jurisdictional questions, is based upon the anticipation of a judgment by that court in its favor as to the remaining three questions, and not upon any judgment itself. It is clear that no prejudice can be based upon any circumstance so unsubstantial. It follows, therefore, that there was no substantial basis for the error proceeding either in the court of common pleas or in this court. This situation renders immaterial the question whether error lies to the jurisdictional questions, and therefore the apparently conflicting authorities are immaterial so far as the real complaint in this case is concerned.

The authorities referred to are with respect to whether error lies from preliminary jurisdictional questions. Inasmuch as there was a judgment of dismissal by the insolvency court, there is no doubt in our minds that a substantial right was affected. The authorities herein cited with reference to error not lying are based upon that portion of the record relating to the retention by the common pleas court of the proceedings, under the statute, after reversal, which culminated in a status equivalent to a motion for a new trial, and this is our reason for

holding that under such circumstances error does not lie.

Holding these views, the judgment of the insolvency court, and the judgment of dismissal of the court of common pleas, are hereby affirmed.

*Judgment accordingly.*

LEVINE and FUNK (of the Ninth Appellate District, sitting in place of VICKERY, J.), JJ., concur.