## BINGER v. FACEY et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2051. Decided July 2, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**841. NEW TRIAL—465. Error.**
Error will not lie to order granting motion for new trial.
**941. PRACTICE & PROCEDURE—791. Motions & Orders.**
Trial court does not have power, after rendition of verdict, to reconsider action in overruling motion for directed verdict and grant that motion.

Error to Common Pleas.

Judgment reversed.

J. W. Starrit, Toledo, for Binger.
Cotter & McFellin and Johnson, Johnson & Farber, Toledo, for Facey, et.

### FULL TEXT.

RICHARDS, J.

William Binger brought an action in the Court of Common Pleas against three defendants to recover damages for personal injury. Thereafter, on his own application, he was permitted to dismiss his case against the defendant, Facey, without prejudice, and he thereupon filed an amended petition against the other two defendants.

After the evidence was all introduced, each of the remaining defendants moved for a directed verdict in his favor and these motions were overruled and exceptions taken. Immediately after the charge to the jury and on inquiry from the court, counsel for plaintiff consented that the motion for a directed verdict should be granted as to the defendant, Erhardt Kietzman and thereupon the cause was submitted to the jury as to the remaining defendant, Otto H. Kietzman only, and the jury returned a verdict against that defendant in the amount of $500.00.

Thereafter the trial court granted a motion to set aside the verdict and for a new trial. The court was fully empowered in its discretion to grant this motion, and error will not lie to an order granting a motion for a new trial, Conord v. Runnels, 23 Ohio St., 601.

Thereupon the case came on to be heard upon the motion of the defendant, Otto H. Kietzman, to arrest the judgment, and to dismiss the action as to him. On the hearing of this motion the trial court found that his motion, made at the close of all the evidence to direct a verdict in his favor, should have been sustained, and thereupon granted his motion to arrest the judgment and dismissed the action as to him.

We think the trial court was in error in holding that it had power, after the rendition of the verdict, to reconsider its action in overruling the motion for a directed verdict and in granting that motion. The very purpose of the motion for a directed verdict is to withdraw the case from the jury, and after the jury has returned a verdict the motion for a directed verdict can have no further operation in the trial court. The purpose which the motion sought to accomplish has become impossible of accomplishment by reason of the rendition of the verdict and the discharge of the jury. Such was the holding of this court in an opinion prepared by Judge Kinkade in DeVore-McGormley

Company v. City of Toledo, 7 Court of Appeals Opinions, Sixth District, 263, unreported.

The motion to dismiss the action and to render judgment in favor of the defendant, Otto H. Kietzman, could only be determined upon the pleadings and not by a consideration of the evidence which had been introduced. This rule was announced in B. & O. R. R. Co. v. Nobil, 85 Ohio St., 175, and has often been followed by this court. We cite only Raker v. Turney, 24 Court of Appeals Opinions, Sixth District, 31, unreported.

An examination of the amended petition discloses that it states a good cause of action and the court was therefore without power to dismiss the petition on the motion made by the defendant, Otto H. Kietzman.

The petition in error will be dismissed as to the defendants, Edgar W. Facey and Erhardt Keitzman, and the judgment will be reversed and the cause remanded for a new trial as to the defendant, Otto H. Kietzman.

(Williams and Lloyd, JJ., concur.)