## SCHELB v SWANK

Ohio Appeals, 6th Dist, Williams Co

Decided May 10, 1937

Gebhard & Maxwell, Bryan, and Otto W. Hess, Toledo, for appellee.

Kirkbride, Boesel, Frease & Cole, Toledo, and Newcomer & Parker, Bryan, for appellant.

### OPINION

By OVERMYER, J.

This is an action for personal injuries brought by Christie Schelb, appellee, against William H. Swank, appellant, seeking recovery of damages arising out of an automobile collision in this county on April 29, 1934.

The case has had two trials in the Court of Common Pleas. The first trial resulted in a verdict for the defendant Swank. A motion for new trial was allowed by the trial court on the ground it had erred in its charge to the jury. No effort was made by defendant to review that judgment of the court, and the ground upon which the new trial was granted we think precluded such review.

The second trial before another trial judge resulted in a verdict and judgment for the plaintiff, Christie Schelb, in the sum of $2,500. This appeal is prosecuted to reverse that judgment. Of the six specifications of error assigned, four are predicated on alleged errors occurring at the first trial of the case and the remaining two upon alleged errors occurring in the last trial. The record of the first trial is brought before us as an exhibit attached to the bill of exceptions.

The attempted review now of the first trial falls within the authority of an early Supreme Court decision of Ohio which is still the law, to be applied in the situation before us, viz., **Conrad v Runnels, 23 Oh St 601.** The syllabus reads:

"1. An order of court granting or overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order, for the reversal of which a petition in error can be prosecuted be-

fore the final disposition of the case.

"2. A motion for a new trial is addressed to the sound discretion of the court, and where such a new trial has been allowed and had, the order allowing it cannot be assigned as error."

In its opinion the Supreme Court says:

"A motion for a new trial is addressed to the sound discretion of the court; and although it is well-settled law that error will lie, in a proper case, where a new trial has been refused, we know of no case in which it has been held to lie where a new trial has been allowed and had, and where the court had power to grant a new trial, and its order granting such new trial is not made ground of error by statutory provision."

See also: **Binger v Facey, 6 Abs 524; Greelish v Cincinnati Traction Co., 17 Oh Ap 131; Continental Trust & Savings Bank Co. v Home Fuel & Supply Co., 99 Oh St 453, 126 NE 508; Snyder v New York, Chicago & St. Louis Rd. Co., 24 Oh Ap 514 (5 Abs 795)**, 157 NE 427, paragraph 14 of the syllabus.

It cannot be said that a trial court abused its sound discretion in awarding a new trial because of error it had committed in charging the jury.

Coming now to the consideration of the two assigned errors as having occurred at the second trial, we find they  both relate to the charge of the court and are stated as "error of the court in its charge to the jury at the second trial," and "error in overruling motion for new trial because of error in the charge."

The complaint made of the charge in the second trial, surprisingly, is the use by the court in its general charge of an expression in the identical language suggested to it by the appellant in its special request pre-argument charge No. 3 in both trials, viz., the use of the expression "directly and proximately" in connection with contributory negligence.

The objectionable language in the general charge pointed out in the brief is the following:

"And further find that the plaintiff was not guilty of any negligence directly and proximately contributing to his alleged injury and damages, then your verdict should be for the plaintiff and against the defendant."

Eight pages of the brief are then devoted to a discussion of the expression "directly and proximately." and citations of cases holding the expression erroneous. Yet the special charge No. 3, given by the court before argument at the request of counsel for defendant at both trials, contains this identical expression. It would be manifestly erroneous and unjust to reverse a judgment for an error of the trial court into which it was led by a party now seeking to take advantage of it, especially when the alleged error relates to a technical legal expression upon which the jury would not be likely to be misled in dealing with the real issues in the case as shown by the record.

We find no error in the record prejudicial to the rights of the appellant and the judgment will therefore be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.