BUCKEYE LOAN CO. v. RYAN

Ohio Appeals, 1st Dist., Clermont Co.

No. 82.   Decided Sept. 15, 1926

1223.   VACATION—A judgment may be set aside for fraud notwithstanding the fact that no defense was made at the time it was rendered, although the defendant was properly served with a summons thereof left at his usual place of residence.

1231.   VENUE—Where a corporation has no office in a county; but files a foreclosure proceeding in another county, a motion to vacate judgment is properly brought in the county where the original action was adjudicated.

BUCHWALTER, P. J.

George A. Bell was, in April 1919, the owner of a farm in Clermont County, and with his wife executed a mortgage for $15,000 to the Buckeye State Building & Loan Co. to secure two notes signed by them, one for $1000 payable in two years, and one for $14,000, payable in five years.

In Sept. 1919, Bell and his wife conveyed the premises to S. M. Darby who in turn conveyed it to John A. Ryan.   The warranty clause contained the following "Except a mortgage for $6,700 in favor of the Buckeye State Building & Loan Co.; also taxes and assessments falling due and payable hereafter." There was no assumption or agreement to pay the notes or mortgage, by Ryan contained in said deed.·  Ryan later conveyed the title to one Humbrecht.

On April 17, 1923, The Loan Co. filed a petition in the Clermont Common Pleas praying for judgment against the makers of the notes and against all subsequent owners of the farm. Said petition contained the allegation:  "On or about Dec. 31, 1920, John A. Ryan, assumed and agreed to pay the said note as a part of the consideration for the transfer of real estate to him".   Service was had and later Ryan's attorney got a fifteen day extension for leave to plead, no answer or demurrer being filed and all parties being at fault for answer or demurrer, an entry was made awarding judgment against seven defendants including Ryan for the sum of $7,063.63 with interest.

Said judgment also provided for foreclosure and the entry was signed "have seen attorneys for Ryan."   No exception was taken to this entry and there is nothing to show that any evidence was introduced before entering judgment.

Foreclosure was had and there was still a deficiency of over $3000.   Proceedings were had to collect the entire deficiency judgment from Ryan by levy on his real estate.   Upon hearing, the Clermont Common Pleas granted the prayer of Ryan's petition to vacate judgment and gave him leave to file an answer. Error is now prosecuted the grounds relied on being, that the court erred in overruling the motion to quash the service of summons and that the decision and judgment are contrary to law.

The Loan Co. contends that Ryan could not file a petition to vacate in the original action, for the reason that they are a corporation having its principal place of business in Franklin County and having no office in Clermont County, the action should have been brought in Franklin County.   The Court of Appeals held:

1.   The proceeding to vacate was filed under 11635 GC. and was, by petition, in the original action.

2.   Sec. 11635 GC. provides, "The proceedings to vacate the judgment or order on the grounds mentioned in division four, of the first section, 11631 GC. - - - - shall be by petition, verified by affidavit, setting forth the judgment or order, on the grounds to vacate or modify it, and if the party applying was defendant - - on such petition a summons shall issue and be served as in the commencement of an action.

3.   It has been held that such a petition filed in the original action is not a civil action, but is a special proceeding in an action after judgment.   12 OS. 169.

4.   It is a cumulative remedy, and not exclusive, and when brought under this section of the code, is filed in the original action.

5.   These code sections determine the venue and the proceedings were properly commenced in Clermont County.

6.   The theory of the Loan Co. that the only question upon the merits of the case was one of fraud and that Ryan by failing to defend,

make a motion for a new trial, or by prosecution of an appeal or error, is guilty of laches.

7. This is not an action in equity, but is a proceeding authorized by code, which permits the setting aside of a judgment where fraud is shown, and where there is a good defense to the original action.

8. A judgment may be set aside for fraud notwithstanding the fact that no defense was made at the time it was rendered, although the defendant was properly served with a summons thereof left at his usual place of residence. 11 OCC. (n.s.) 383.

9. There is no error in the overruling of the motion to quash, nor in the vacating of the judgment.

Judgment therefore affirmed.

(Hamilton and Cushing, JJ., concur.)

Attorneys—Wilson & Rector, Columbus, for Loan Co.; John O. Eckert and Murphy & Joseph, Cincinnati, for Ryan.