COTTONWOOD SHEEP COMPANY v. MURPHY

(No. 1842; May 14, 1935; 44 Pac. (2d) 1000)

For the plaintiff in error there was a brief by *E. E. Enterline, Madge Enterline* and *Casey and McNally,* all of Casper, and oral argument by *Messrs. Enterline* and *McNally*.

For defendant in error there was a brief by *Wm. B. Cobb* and *S. S. Combs*, of Casper, and oral argument by *Mr. Cobb*.

252

RINER, Justice.

This is a proceeding in error brought by the Cottonwood Sheep Company, a corporation, to review an order made by the district court of Natrona County, in a case wherein the corporation aforesaid was plaintiff and defendant in error, Patrick Murphy, was de-

fendant. The parties will hereinafter be referred to as they stood in the district court. The circumstances leading to the filing of the petition in error here and which are necessary to be recited in order to understand the questions raised for determination are substantially these:

Plaintiff instituted the litigation on July 30, 1931, to recover damages from the defendant, alleged to have been sustained through defendant's asserted wrongful trespass upon certain lands in its possession, held and occupied by it. The answer day of the summons issued was August 29, 1931, and the defendant not filing any pleading, on November 10th of that year the plaintiff procured an order entering his default in the case. A copy of this order seems to have been mailed to him from the office of the clerk of the district court at Casper, Wyoming, but no street address appears to have been placed on the envelope containing it. The defendant, in the course of his testimony given on the hearing, which resulted in the order brought here for review, states that he never received the copy and knew nothing concerning it until about the 6th day of September, 1932.

On August 31, 1932, evidence was submitted to the court by the plaintiff in support of the allegations of its petition in the case and judgment was rendered in its favor against the defendant in the sum of $5040 and costs; also he was thereby perpetually enjoined from thereafter driving or permitting his sheep to run on plaintiff's lands described in said petition and judgment. This hearing was had in the absence of the defendant and without his knowledge. The judgment thus procured was entered on September 3, 1932, the last day of the March term of the district court for that year. The following September term of said court commenced on the 6th day of that month, the two intervening days being holidays. About the date last

mentioned the defendant received through the mails a copy of the judgment aforesaid, and his testimony appears in the record that he immediately consulted an attorney and also the president of the plaintiff, Mr. M. J. Burke, in an effort to get the litigation settled. No success having attended his efforts in this respect, on December 10, 1932, he filed his positively verified petition in the case under the provisions of certain sections of Article 23, in Chapter 89, W. R. S. 1931.

This petition charged that the judgment described above had been obtained by the plaintiff through alleged fraudulent statements made by Burke, its president, "with the design, purpose and intention of misleading defendant, and of inducing defendant not to make any defense in this cause, and to permit a judgment by default to be taken against defendant." The defendant also set out in his pleading separate defenses to each of the four stated causes of action in plaintiff's petition, in effect negativing the several charges of trespass and damage as pleaded by it. Defendant's petition prayed that the judgment aforesaid be set aside; that a time be fixed within which defendant should answer or plead to plaintiff's petition; and that a new trial of the cause be had upon the issues thus framed. A summons was issued upon this petition and served upon the plaintiff as provided by § 89-2305, W. R. S. 1931.

Plaintiff demurred to defendant's petition on the several grounds of failing to state facts sufficient both to constitute a cause of action in his favor and to entitle *"plaintiff"* to relief prayed for. The demurrer was thereafter overruled by the court and plaintiff interposed its answer to the pleading thus attacked, said answer admitting the commencement of the action and service of summons upon defendant as detailed above; admitting also that defendant entered no appearance therein, and the recovery by it of the judgment afore-

said, and denying the remaining allegations set forth in defendant's petition for a new trial.

In an order subsequently made by the court it was provided that on March 20, 1933, the parties to the cause might produce evidence "upon the issue of fraud made by the said petition of defendant and upon the answer thereto by the plaintiff." This hearing was not had, however, until April 5, 1933, when each of the parties appeared with counsel and the issue so raised was tried by the court. At the conclusion of the introduction of evidence on this hearing arguments were had, the cause submitted, and thereupon, as stated in the bill of exceptions before us, "the court rendered its decision." Thereafter, and on the 13th of April following, the formal order in the matter appears to have been made and entered wherein the court found generally in favor of defendant and against the plaintiff, and thereupon vacated and set aside both its previous order of default and the aforesaid judgment against the defendant. This order further directed that the defendant be given until and including April 15, 1933, within which to file his answer in the cause and plaintiff be allowed ten days thereafter to reply to said answer. Exceptions were saved by plaintiff to the order just described, and it is the one of which complaint is now made.

A motion to dismiss the proceedings in error has been filed by the defendant, but upon the oral argument it was expressly stated by counsel that the motion would not be urged. It consequently becomes unnecessary for us to pass upon the questions it suggests.

The contention is advanced for the plaintiff that the court was in error in not making a special finding on the issue raised by the pleadings of the parties concerning the matter of alleged fraud charged to have been committed by the plaintiff as against the defendant, in obtaining the default order and judgment in

the case. No authorities appear to be cited in support of this position.

There may be considerable doubt whether, in such a proceeding as is now here for review, the district court was obligated, under statutory requirements, to make any special finding at all. There is no express statement to that effect to be found·in Article 23 of Chapter 89, W. R. S. 1931, a number of whose sections are here involved. Among the provisions of Article 13 of that chapter, dealing generally with the conduct of the trial of civil actions, appears § 89-1321, which relates to the trial of such actions by the court without the assistance of a jury, and which reads:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except, generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The courts of Ohio, from which state much of the phraseology of Article 23 is taken, have, as stated in Buckeye State Bldg. & Loan Co. v. Ryan, 24 Ohio App. 481, "held that such a petition filed in the original action is not a civil action, but is a special proceeding in an action after judgment. Taylor, Assignee, v. Fitch, 12 Ohio St. 169; Coates v. Chillicothe Branch of the State Bank, 23 Ohio St. 415; Darst v. Phillips, 41 Ohio St. 514; Gifford, Admr., v. Ryan, 9 Ohio App. 419." Additionally, see Luman v. Hill, 36 Wyo. 427, 428, 429, 255 Pac. 339. In Gill v. The Milwaukee & Lake Winnebago R. Co., 76 Wis. 293, an eminent domain proceeding the court held to be a "special proceeding," the court said:

"The statute which requires that findings of fact and conclusions of law be filed when an issue of fact is

tried by the court without a jury applies only to issues in an action. (R. S., sec. 2863.) We are aware of no law which requires the filing of such findings and conclusions in a mere special proceeding, although its determination may involve disputed questions of fact."

Additionally on the point, and assuming that section 89-1321, supra, should be regarded as controlling the matter, in First National Bank of Sheridan v. Citizens State Bank, 11 Wyo. 32, 70 Pac. 726, this court had the section last mentioned under consideration (it being then section 3660, R. S. 1899), and referring to the case of Ross v. Baker, 58 Neb. 402, 78 N. W. 730, said:

"In the case last above cited, under a statute precisely like our own, the Nebraska court say that 'it is proper, in order that the trial judge may examine and consider the questions of fact and law, and formulate and prepare the requisite statements, that the request should be made at the time of the trial, and not later than at the final submission of the cause for decision, or at a later time, to be fixed by the court. The judge should not be called upon at the same time of the rendition of the decree to then particularize in regard to every conclusion of fact and also of law. He undoubtedly might and may do so. We think it discretionary with him, if the request is made later than at the time we have indicated, whether he will comply with it or not.' "

In Etchen v. Texas Company, 82 Okla. 62; 199 P. 212, in line with previous decisions in the same jurisdiction and also under a statute identical in terms with said section 89-1321, it was held that where a request for separate findings of fact and conclusions of law was not made until after the court had announced what the judgment would be it was not reversible error to refuse such request. Bearing in mind that the record in the case at bar shows that the cause was submitted to the court, and its decision rendered on the 5th of April, 1933, and that the request for a special finding was not proffered until the 13th of April

following, when the order in question was made, it is plain that under the foregoing authorities the request came too late.

Further in Hilliard v. Douglas Oil Fields, 20 Wyo. 201; 122 P. 626, this court held that where the trial court failed to comply with the request of a party for separate findings of fact and conclusions of law there should be no reversal of the judgment when it appeared from the record that such failure was not prejudicial to the complaining party. In that case it was decided also that when all the evidence in the case is incorporated in a bill of exceptions and returned as a part of the record, as in the case at bar, such evidence is before this court for examination to determine whether the failure of the district court to comply with the request for special finding was a prejudicial error.

Applying that rule now we do not think such an error appears in the record before us. The defendant testified that the president of the plaintiff said to him a few days after the defendant had received copies of the original petition and summons in the case that "there is no use having lawyers; no use going to strangers; we will patch it up among ourselves." Defendant also testified: "I took his word for it." There was other testimony by the defendant, the purport of which was that he was misled by statements of plaintiff's president to rely on the case being settled out of court, and in consequence did not take steps to interpose a defense in the case. These statements were in the main denied by plaintiff's president in the course of his testimony. This undoubtedly produced a conflict which the trial court, possessing the opportunity to see and hear the witnesses, something this court does not have, was authorized to resolve in favor of the defendant. There was, we think, sufficient evidence in the record, which, if believed by the trier of fact, would enable him to find as he did.

It is also urged for the plaintiff that the district court erred in vacating the order adjudging defendant in default and the judgment entered against him thereafter. Section 89-2301 of Article 23, W. R. S. 1931, provides in part:

"A district court may vacate or modify its own judgment or order, after the term at which the same was made: * * *

"4. For fraud practiced by the successful party in obtaining a judgment or order."

Section 89-2305 of the same Article directs that the proceedings to vacate the judgment or order on the ground specified in subdivision 4 aforesaid:

"Shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and on such petition a summons shall issue and be served as in the commencement of an action."

The two sections especially pertinent here and which immediately follow the one just quoted from read:

"89-2306. The court must first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

"89-2307. A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action; and when a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

These sections were borrowed from the civil code of the State of Ohio and appear for the first time in the statutes of this jurisdiction when certain provisions of our procedural code in civil actions were adopted in 1886. This court in Hilliard v. Douglas Oil Fields,

supra, speaking of another section of our statute adopted at the same time, said:

"Section 4515, supra, was adopted in 1886, together with other provisions from the Civil Code of Ohio, and the views herein expressed accord with the construction placed thereon by the Supreme Court of Ohio, prior to its adoption in Wyoming. If we adhere to the rule heretofore recognized by this court then we adopt the statute with the judicial construction resting upon it by the court of the state from which it was adopted at the time of its adoption. (Crumrine v. Reynolds, 13 Wyo. 111, 78 Pac. 402.)"

The practice and construction established by the courts of Ohio in dealing with the several sections of their code from which our sections aforesaid were copied is readily ascertained.

In Watson v. Payne, 25 Oh. St. 340, decided at the December, 1874, term, the Supreme Court of Ohio outlined the procedure under the law of that state thus:

"When a proceeding by petition or by motion to vacate or modify a judgment is instituted, under section 535 or 536, the first thing to be done by the courts, is to try and decide whether or not a 'ground' to vacate or modify exists. Sec. 537. 'The grounds' referred to in this section are those enumerated in the nine subdivisions of section 534. In some cases, the question thus to be tried and decided, can be determined by inspection of the record; in others the testimony of witnesses must be heard. But in all cases, this question must be tried and decided by the judge or judges.

"When the existence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be *adjudged* that there is a valid defense to the action. Sec. 538. In order that the validity of the defense may be adjudged, an issue or issues should be made up by proper pleadings. If the proceeding to vacate or modify be by motion, the defendant should be required to file his answer to the original petition, with leave to

the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take issue thereon by reply or demurrer. When the issue is thus made up, it should be tried as in other cases. Frazier v. Williams, 24 Ohio St. 625. After such trial, and not before, the court is authorized to render a final judgment or order of vacation or modification of the original judgment."

In Frazier v. Williams, 24 Oh. St. 625, mentioned in the preceding excerpt, the court had previously said:

"The Common Pleas evidently proceeded upon a wrong construction of sections 537 and 538 of the code. S. & C. 1115. The object of those sections, in postponing the judgment to vacate until it shall be adjudged that there is a valid defense to the action, is merely to preserve the *liens* and priorities of the original judgment, in case a similar judgment should be rendered upon the trial of the cause. It was not the intention to deprive the parties of their right to a jury trial. The meaning of those sections is, that when the court has *decided* that there is good ground to vacate, the *judgment* to vacate shall be suspended until after the cause is tried—by a jury, if one is demandable, and not waived, or by the court, if a jury is not demandable, or is waived; and if, on such trial, the defense is established, then judgment of vacation is to be entered; or, if the defense fails, the petition to vacate is to be dismissed, or the judgment affirmed, or such other judgment is entered as the result of the trial indicates."

The views expressed in these early cases have subsequently been followed in Ohio, for we find the court in Bulkley v. Greene, 98 Oh. St. 55; 120 N. E. 216, stating that:

"Where a petition to vacate a judgment has been filed by a defendant to the action he must present therewith his defenses thereto. The power of the court extends to an adjudication of the validity of these defenses. If in law valid, should the grounds of vacation be sustained, the issues of fact presented by the

defenses are triable to a jury, if a jury issue; or to the court, if triable to the court or a jury be waived. By the provisions of the code the grounds to vacate must be first tried and determined by the court. However, by express provisions of the code, and to preserve liens or securities, the order of modification or vacation of the former judgment is held in abeyance until after the issues joined and presented by the defenses have been finally determined. Section 11637, General Code, and Frazier v. Williams et al., 24 Ohio St. 625."

In the case of Meixell v. Kirkpatrick, 25 Kan. 17, decided at the January, 1881, term, after referring to the fact that the provisions of the statutes of Ohio for vacating and modifying judgments and orders in the courts in which they were rendered were precisely the same as the provisions for the same purpose were in Kansas, and after stating that this statutory law had been construed in Ohio, in Frazier v. Williams, supra, and Watson v. Payne, supra, the court—at the time a most able one, including in its membership Mr. Justice David J. Brewer,—fixing the practice for Kansas, expressed its conclusions thus:

"According to the decisions made in Ohio, we should think that the correct practice in cases of this kind would be as follows: When the court, on the hearing of a motion to vacate a judgment under subdivision 3 of section 568 of the Civil Code, becomes satisfied that such judgment was obtained irregularly, within the meaning of said subdivision, and therefore that the party making the motion is entitled to have an opportunity to show that he has a good cause of action or defense, as the case may be, the court should then vacate the judgment,—but generally, however, upon the condition that the moving party shall first make such showing; and after the judgment has thus been vacated, and after the issues are all made up by filing the proper pleadings, as in other cases, (provided they have not already been filed,) the case must be tried upon such issues in the same manner as though no judgment had ever been rendered in the case; and after the trial and the decision of the court, or the

report of the referee, or the verdict of the jury, (as the case may be,) the court must then vacate the judgment absolutely, or modify it in some respects, or wholly affirm it, as such decision of the court, or report of the referee, or verdict of the jury will warrant; and the judgment or order rendered on this trial is final, unless set aside as other final judgments are set aside. The reason for not vacating the original judgment absolutely in the first instance is for the purpose that all rights, priorities, and liens obtained by virtue of the original judgment may be preserved until it is ascertained whether the party in favor of whom the original judgment was rendered is, in fact and upon the merits, entitled to such a judgment, or to a similar judgment, and, if he is, then all rights, priorities, and liens obtained by virtue of the original judgment are preserved to him, so far as his final judgment will sustain and uphold the same. Of course, all pleadings filed in cases of this kind are subject to all the objections that may be urged against like pleadings in other cases.

"Where a judgment is conditionally set aside in favor of a defendant, his answer must of course state a defense, or he cannot ask to go to trial upon it. If the answer does not state a defense, a demurrer may be interposed the same as in other cases."

Under these authorities it is evident that the district court in the case before us went somewhat too far in entering an absolute order vacating its previous order of default and judgment against the defendant. The order under review undoubtedly should have contained a provision that it should not become operative until it was "adjudged that there is a valid defense to the action." As a matter of law the trial court appears to have held by its ruling on the demurrer interposed by the plaintiff to defendant's petition for new trial that the pleading stated valid defenses to plaintiff's several alleged causes of action. The trial court then very properly, by its order, directed that issues be made in the case for trial when in said order it fixed dates for filing the necessary pleadings. When the issues made up thereunder have been tried, the district court will

then obviously be in position to say whether the former judgment shall stand or the conditional order vacating it shall be made final. By following this method of procedure the rights of all parties to the case will be protected.

The cause will be accordingly remanded to the district court with directions to modify the order in question as indicated in this opinion. Other than as stated above the order will be affirmed. The parties in this court will pay their own costs.

*Modified and Affirmed.*

KIMBALL, Ch. J., and BLUME, J., concur.