## FLINT v. VOILES

(No. 1907; June 9, 1936; 58 Pac. (2d) 443)

For the plaintiff in error there was a brief and oral argument by *Wm. B. Cobb* of Casper.

44

For the defendant in error there was a brief by *Bert Griggs* and *Harry G. Beatty* of Buffalo, and oral argument by *Mr. Beatty*.

RINER, Justice.

In this cause it is desired to have this court review by proceedings in error an order of the district court of Sheridan County, granting a new trial upon motion of Sarah Voiles, as administratrix of the estate of William A. Voiles, deceased. The trial thus ordered has not been had and no judgment disposing of the issues thus for trial has been entered in that court.

The litigation arose in consequence of an automobile accident in which William A. Voiles, the husband of Sarah Voiles, lost his life. She, as administratrix of his estate, brought the action against John C. Flint, plaintiff in error here, to recover damages for alleged gross negligence of the latter in causing his death.

It appears from plaintiff's petition that the defendant Flint, with Voiles and two other men, on or about April 19, 1932, drove by automobile from Buffalo, Wyoming, to the City of Casper, in this state, to attend a meeting held at the latter place in the interests of the Buffalo Commercial Club, all the men making the trip being members of that organization, Flint being its secretary and Voiles its president. The petition alleges "that the transportation for said party was arranged by the defendant John C. Flint, who provided for their use in making said trip a certain Buick automobile then owned and controlled by the said defendant." They arrived safely in Casper, but on their return trip, in the early morning hours of the 20th of April, in loose gravel, as the record shows, a rear tire blew out, and the vehicle in which they were riding plunged off the road, overturned, injured all the others more or less, and caused the death of plaintiff's intestate.

J. E. Keith, one of the occupants of the car, was driving it at the time the accident happened, as the petition states, "at a safe and moderate rate of speed," Flint, the owner of the car, sitting beside him on the

front seat. As ground for the recovery sought plaintiff's pleading charged: "That the defendant John C. Flint was guilty of gross negligence in knowingly suffering and permitting the operation of said automobile with a weak and unsafe tire and boot, and in neglecting to inform the other passengers in said car of their peril in travelling in an automobile thus equipped; that the proximate cause of said accident and of the death of the deceased was the gross negligence of the defendant in providing, for the use of said party, an automobile so equipped with an unsafe, insecure and defective tire and boot." The defendant answered with a general denial and other defenses not necessary now to mention, to which plaintiff filed a reply.

The case was tried before the court with a jury in attendance. After both plaintiff and defendant had rested, the defendant renewed a motion made earlier in the course of the trial, requesting the court to direct the jury to return a verdict in his favor, upon the ground, among others: "That the evidence on behalf of the plaintiff affirmatively shows that plaintiff's decedent was riding in the defendant's car at the time of the accident in question as a guest of the defendant host, and that by reason thereof Section 72-701, Wyoming Revised Statutes 1931, has become and is applicable, and that there is no showing of any gross or other negligence on the part of the defendant in the record."

Section 72-701 W. R. S., 1931, referred to, reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator

of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The motion was denied and plaintiff excepted.

The cause was submitted to the jury under instructions with which the parties seemed to have been satisfied, as no complaint is made of them here, and a verdict was returned in favor of the defendant, upon which the court, in due course, entered its judgment in his favor.

Within ten days thereafter, plaintiff filed her motion to set aside the verdict aforesaid and for a new trial, alleging that the verdict was not sustained by sufficient evidence, was contrary thereto and contrary to law. This motion, by the order which we are now asked to review and which was excepted to by the plaintiff, was sustained and the judgment vacated.

It is now urged on behalf of the plaintiff in error that the court erred in not sustaining his motion for a directed verdict, and that there was error in granting a new trial. Our attention is directed to the pertinent case of Gifford v. Dice, 269 Mich. 293, 257 N. W. 830, 96 A. L. R. 1477, where under a statute with verbiage quite like that of Section 72-701, supra, it was held that neither "gross negligence" nor "wilful and wanton misconduct" on the part of the owner and driver of an automobile, so as to make him liable under the so-called "guest act" (Compiled Laws of Michigan, 1929, § 4648), could be maintained for an injury to one riding with him as a guest. It was so decided though the proof was that he drove his car on a concrete pavement knowing that one of the front tires was weak, by reason of a badly worn condition of the tire fabric, and that the injury for which recovery was sought was due to a "blow out" of the tire, which caused the driver to lose control of the car and a con-

sequent collision with another vehicle. See also Eubanks v. Kielsmeier, 171 Wash. 484, 18 Pac. (2d) 48; Stanbery v. Johnson, 218 Iowa 160; 254 N. W. 303; Lee v. Lott, 50 Ga. App. 39, 177 S. E. 92.

However, we do not find it necessary to decide these questions at this time, inasmuch as Section 89-4801, W. R. S. 1931, defines what shall be regarded as a final order subject to review by proceedings in error, and an order granting the ordinary motion for a new trial under section 89-2101, W. R. S. 1931, is not included therein. That section is as follows:

"An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment, is a final order which may be vacated, modified or reversed, as provided in this article."

The language of the statute thus quoted was borrowed from the Ohio Civil Code, where it has been in force for decades in practically identical form. Since 1873 this statute in that jurisdiction has been held not to embrace an order either granting or refusing a new trial. The cases of Conord v. Runnels, 23 Ohio St. 601; Smith v. Board of Education, 27 Ohio St. 44; Young v. Shallenberger, 53 Ohio St. 291, 41 N. E. 518; Neuzel v. The Village of College Hill, 81 Ohio St. 571, 91 N. E. 1135; Horseman v. Horseman, 85 Ohio St. 437, 98 N. E. 1127; Continental Trust & Savings Bank Co. v. Home Fuel & Supply Co., 99 Ohio St. 453, 126 N. E. 508; Greelish v. Cincinnati Traction Co., 17 Ohio App. 131; Snyder v. New York C. & St. L. R. Co., 24 Ohio App. 514, 157 N. E. 427, affirmed 118 Ohio St. 72, 160 N. E. 615; and Huff v. Pennsylvania Rd. Co., 127 Ohio St. 94, 187 N. E. 1, clearly establish that this is so.

A different view from that expressed by the courts of Ohio concerning the interpretation of Section 89-

4801, supra, does not seem to have been entertained by this court. Attention has been called to Kahn v. Traders' Insurance Co., 4 Wyo. 419, 34 Pac. 1059, but there the order which was held final in character, and accordingly subject to review, was one directing that the action should be dismissed at plaintiff's costs, and that the defendant go hence without day and recover his costs, the order in that case setting aside a verdict and granting a new trial being regarded as affording simply a basis for a specification of error and consequently in that way reviewable. It is plain that in substance the final order in the case just cited was a judgment of dismissal which put an end to the litigation in the district court. That, of course, is not the situation we have now before us.

In Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 191 Pac. 1069, 193 Pac. 520, this court in passing upon the petition for a rehearing filed in that cause and speaking through Mr. Justice Potter, had occasion to review quite fully the nature of an order overruling a motion for a new trial, and there pointed out that: "An order overruling a motion filed under the provisions of said sections has never been held or understood by this court to be a final or appealable order, but, for appellate purposes, merely as ground for reversal of the judgment in a cause, when erroneous, if excepted to and assigned as error. And we think it is not a final or appealable order under our statutes, though it may be ground for reversing a judgment." Young v. Shallenberger, supra, 3 C. J. 505, with other authorities, were cited and an extended excerpt was quoted from the opinion in that case, reading in part as follows:

" 'Error lies to the judgment, but not to the decision of the motion; though that decision may be made a ground for the reversal of the judgment. * * * And

so, if the motion be overruled, the unsuccessful party must incur the expense of a proceeding in error, if he is dissatisfied with the result; but neither the overruling or sustaining of the motion is, within the meaning of the code, such final order as may, itself, be the foundation of a proceeding in error.' "

Cases arising under the direct appeal method of review procedure have no bearing upon the question presented at this time, as Section 89-4901, W. R. S. 1931, in terms indicates that an order granting a new trial may, itself, without further proceedings in the cause, be brought here for examination. Allen v. Lewis, 26 Wyo. 85, 177 Pac. 433. Neither are cases like Cottonwood Sheep Co. v. Murphy, 48 Wyo. 250, 44 Pac. (2d) 1000, dealing with a new trial obtained after the term by petition or motion, to be regarded as pertinent. This was made clear in the final disposition on rehearing of Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 206 Pac. 152, where, discussing the character of the motion in question, in that case, and citing authorities, it was said:

"On the other hand, if it should have been considered as a petition or motion under Chapter 370 (carried forward substantially as Article 23 of Chapter 89 W. R. S., 1931), the order denying it, unlike an order denying a motion for a new trial, was a final order as defined by Section 6369, and the appeal, if properly taken therefrom, should be entertained."

See also 3 C. J., and cases cited.

It follows from what has been said that we are without jurisdiction to review the order in question, and the proceedings in error must be dismissed.

*Dismissed.*

KIMBALL, Ch. J., and BLUME, J., concur.