## BALES v. BROME, ET AL.

(No. 2065; December 5, 1938; 84 Pac. (2d) 714)

For the plaintiff and respondent, on motion to dismiss, there were briefs by *C. W. Axtell* of Thermopolis and *C. A. Zaring* of Basin, Wyoming, and *Horace S. Davis* of Billings, Montana, and oral argument by *Messrs. C. A. Zaring* and *Horace S. Davis*.

For the defendants and appellants in resistance of motion, there were briefs by *C. H. Harkins, C. R. Harkins* and *D. J. Harkins* of Worland, and oral argument by *C. H. Harkins.*

RINER, Justice.

Respondent, plaintiff below, has by his motions herein filed asked that this cause be dismissed. The proceeding is one instituted to review an order of the district court of Washakie County granting him a new trial. The appellants, defendants in that court, have undertaken by their procedure to invoke the statutes of this state providing for a direct appeal to this court.

The situation presented appears to be as follows: After the issues were made up by the pleadings filed, the cause was tried to the court without a jury, and on March 20, 1937, a judgment dismissing plaintiff's petition was duly entered. Within ten days thereafter, to-wit, on March 29th, plaintiff filed his motion for a new trial, one of the steps usually taken to bring a judgment here for review through proceedings in error. This motion, by an order made May 17, 1937, entered in the court's journal on May 21 immediately following, was sustained. Relative to the order thus made appellants served upon opposing counsel and duly filed a notice of appeal on May 27, 1937. Two orders were thereafter made extending the time within which to prepare and file a record on appeal, the last of which granted an extension until and including October 15, 1937, and the record in the cause was filed on that date in the district court aforesaid. Specifications of error were thereafter filed in that court on October 25, 1937, on behalf of appellants. Thereafter this record was transmitted to this court and filed with the clerk on December 11, 1937.

January 11, 1938, respondent filed herein his motion to dismiss the cause because of alleged violation of our Rule 35, which in so far as now pertinent reads:

"In cases of direct appeal, however, from an order granting a new trial, the case shall be subject to dismissal, if the record on appeal shall not have been filed in the supreme court within sixty days after the entry of such order."

Subsequently, and on May 27, 1938, respondent filed another motion to dismiss, asserting that the order from which the appeal was attempted to be taken was not in fact an appealable one and that this court was in consequence without jurisdiction to entertain it. The cause was also briefed on the merits as well as on these motions to dismiss and arguments were submitted by counsel on both.

So far as the first motion to dismiss is concerned, it is clear that the portion of Rule 35 quoted above was intended to be applicable to cases coming here in the ordinary course of the direct appeal procedure, where a new trial is granted by the district court after the record on appeal and specifications of error have been filed there and the trial judge notified of the fact, as provided in Section 89-4910, W. R. S. 1931. In such a case no reason ordinarily exists why the record should not come promptly to this court as provided by the rule. The portion of the rule quoted above was adopted to clarify and make more definite the provisions of the law under consideration by this court in Samuelson v. Tribune Publishing Company et al., 41 Wyo. 487, 287 Pac. 83. That situation does not prevail in the instant case, which is, simply stated, an attempt to apply the statutes relating to direct appeal procedure to an order made under circumstances not within the purview of that kind of a proceeding. In other words, it is an attempt to bring about a review of an order granting a new trial regardless of whether made as provided by Section 89-4910, supra, or not, and thus in effect to alter and change the law relating to proceedings in error.

In the case of Flint v. Voiles, 50 Wyo. 43, 58 P. (2d) 443, we held, following earlier utterances made from this bench, as well as the uniform course of decisions in the State of Ohio, from which our statutes relating to the matter were taken, that an order granting a

new trial on motion therefor was not a final order within the meaning of the statutes relating to procedure in error and as such not reviewable thereby. It may be, as the Supreme Court of Ohio points out in Young v. Shallenberger, 53 Ohio St. 291, 41 N. E. 518, a "ground for the reversal of the judgment" if made erroneously, such judgment being the action of the court possessing that character of finality which furnishes the basis for a proceeding in error thereon.

Under the direct appeal procedure in ordinary cases, aside, of course, from special proceedings, it is apparent that the only situation in which an order granting a new trial is to be treated as a final order, and hence immediately subject to review, is when the record on appeal and specifications of error are on file in the office of the clerk of the district court and the "judge of the district court before whom the action was tried" (Section 89-4910, supra,) has been duly notified by the clerk of that court that such is the fact, and an order granting a new trial is then made. That such order is forthwith appealable is merely because the statute says it shall be.

A situation of this character did not, as already intimated, exist in the case before us when the order for a new trial was made which is now questioned. That order had been made months before upon the usual motion for that purpose, and, as we have suggested, as one of the steps required to be taken by proceedings in error to obtain the review of a judgment rendered below where evidence is to be examined and rulings thereon questioned. The motion for a new trial aforesaid directed the attention of the trial court to the stated grounds thereof, among others, as provided in Section 89-2101 W. R. S., 1931, that the "decision" of the court was "not sustained by sufficient evidence" and was "contrary to law." There was no record on file, no specifications of error had been prepared and

filed, and the trial judge had never been notified thereof, as the direct appeal statute requires.

Section 89-4915 W. R. S., 1931, the concluding section of Article 49 of the Wyoming Statutes, providing for the direct appeal method of appellate procedure, declares in positive terms:

"The provisions of this article are intended to provide for a direct appeal to the supreme court of this state from the district courts, and as a separate and independent method of reviewing civil and criminal causes in the supreme court, in addition to the provisions of law of this state now in existence for reviewing such causes in the supreme court on proceedings in error, and nothing herein contained shall be construed as modifying, changing, amending, altering, or repealing any of the provisions of the existing laws of this state relating to proceedings in error."

If the order granting a new trial in the instant case should be regarded as appealable, then, as above indicated, the provisions of the section last quoted would seem to be disregarded, the law as to proceedings in error changed and altered, all orders granting a new trial on motion therefor considered as reviewable, and a right to review given under circumstances in connection with which the statutes of this state do not provide for it. It is unnecessary to cite authority to the effect that appellate proceedings are not a matter of right, but are purely statutory only.

One of the serious consequences of holding all orders granting a motion for a new trial reviewable would be the multiplication of appeals and the bringing of cases here piecemeal, a practice in no wise to be sanctioned if avoidance is possible. Such a practice has the objectionable features of extending litigation over long periods of time with necessarily increased expense and trouble to litigants, and prevents a prompt determination of their ultimate rights. The pretty well

established rule generally is that the action of trial courts in granting a new trial will only be interfered with by an appellate court when a clear abuse of discretion on their part is established. Barrett v. Oakley, 40 Wyo. 449, 278 Pac. 538; Wells v. McKenzie, et al., 50 Wyo. 412, 62 Pac. (2d) 305. Instances of abuse of discretion in matters of this kind by the trial courts do not often arise, as an examination of the decisions of this court will readily demonstrate. This means, of course, that orders granting new trials are very rarely interfered with here, the result being an unavoidable consequent extension of the period of litigation on account of the loss of time incident to bringing the cause to this court.

The tendency and public policy of lawmaking bodies of late years has generally been to simplify and expedite appellate procedure. In this state the time for bringing proceedings in error has been reduced from one year to six months after "the rendition of the judgment or the making of the final order complained of." Section 89-4816 W. R. S., 1931, as amended by Laws of Wyoming, 1935, Chapter 111. See also in this connection the cases of Samuelson v. Tribune Publishing Company et al., supra; Allen v. Lewis, 26 Wyo. 85, 95, 117 Pac. 433. In Section 89-4910, above referred to, it is plainly the intent of the statute that if an order granting a new trial is made by the judge who tried the case, the review of his action in that regard should follow shortly thereafter. The section directs as it touches that point:

"If the judge of the district court shall, within the time limited by this article, grant the party appealing a new trial and the other party shall appeal from such order, the clerk of the district court shall attach to the record on appeal, as prepared, said order and forthwith transmit the whole of such record to the clerk of the supreme court, and the party so appealing from such order granting a new trial shall be designated

appellant and the opposite party respondent. Such appeal shall be perfected by serving a notice of appeal in writing on the opposite party in the same manner as is provided by the provisions of § 89-4902."

In the case at bar what has happened? The order granting a new trial was entered May 21, 1937, but the record on appeal to review the action of the district court in that respect was not filed here until December 11, 1937, more than six months after its rendition and entry, and that period might very easily have been made a much greater one if additional extensions of time to file the record in the district court had been deemed necessary, asked for and granted.

It is in no spirit of criticism of the time required to prepare the record in this case this fact is mentioned,— the record is a very voluminous one, and its preparation necessarily involved considerable labor and expenditure of time—but for the purpose of demonstrating simply the consequences of a ruling such as appellant desires us to make. We are not unaware that a contrary ruling may also produce some anomalous consequences. It may seem strange that an order granting a new trial should in some instances be reviewable as a final order and in some not. But that is the result of the statutes as we read and understand them. It was undoubtedly the legislative purpose that the two methods of bringing causes to this court for review should be kept separate and distinct from each other and not confused or fused.

It is hardly necessary to say that it is not the function of this court to enact legislation or to enforce only those laws we may deem wise. But in this connection we may remark that we are in fullest sympathy with all legislative efforts to shorten the period of active controversy stirred up by litigation, reduce the expense thereof and cause the citizens of this state in that regard as little trouble as possible, consistent

always with due regard for full, fair and just presentation of each and all the various rights of the parties involved.

Our conclusion is, therefore, that a sound public policy as well as a reasonable interpretation of the existing statutes of this state relative to appellate procedure, require that we should hold that we are without jurisdiction to review the order granting a new trial attacked herein and that the motion to dismiss the appeal proceeding now pending should be sustained.

The cases of Kowlak v. Tensleep Mercantile Co., 41 Wyo. 20, 281 Pac. 1000, and Wells v. McKenzie, et al., supra, mentioned at the argument herein, disclose instances where this court assumed to take jurisdiction in a case such as we now have, and disposed of them on their merits. But an examination of those decisions makes it clear that the question now under consideration was not presented, suggested or undertaken to be decided in them. They consequently afford no aid as precedents here to solve the question we now have. 15. C. J. 939 states the well established rule: "The authority of a former decision as a precedent must be limited to the points actually decided on the facts before the court."

The Supreme Judicial Court of Massachusetts in Vigeant v. Postal Telegraph Cable Co., 260 Mass. 335, 157 N. E. 651, 53 A. L. R. 867, has pointed out that: "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."

In Bratsch v. People, to Use of State Board of Health, 195 Ill. 165, 62 N. E. 895, the Supreme Court of Illinois similarly said:

"That the circuit court of Cook county may have, in some cases similar to this, assumed jurisdiction, and

that such cases, without challenge, passed through this court, is a matter of no consequence, so far as the present inquiry goes. A question, though involved in the case, if not raised in the argument or passed upon by the court of review, has no controlling force when the question is directly presented to that court for determination."

The language of the Supreme Court of the United States in Webster v. Fall, Secretary of the Interior, et al., 266 U. S. 507, 45 S. Ct. 148, 69 L. Ed. 411, is to the same effect, where Mr. Justice Sutherland said:

"Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents. See New v. Oklahoma, 195 U. S. 252, 256, 25 S. Ct. 68, 49 L. Ed. 182; Tefft, Weller & Co. v. Munsuri, 222 U. S. 114, 119, 32 S. Ct. 67, 56 L. Ed. 118; United States v. More, 3 Cranch, 159, 172, 2 L. Ed. 397; The Edward, 1 Wheat, 261, 275, 276, 4 L. Ed. 86."

Finally in the case of New v. Territory of Oklahoma, cited in the excerpt last above given, we find Mr. Chief Justice Fuller saying:

"Reference is made to Queenan v. Oklahoma, 190 U. S. 548, 47 L. Ed. 1175, 23 Sup. Ct. Rep. 762, in which we entertained jurisdiction in the absence of any suggestion as to the want of it. United States v. Simms, 1 Cranch, 252, 2 L. Ed. 98, is an instance of similar inadvertence, and when cited in United States v. More, 3 Cranch, 159, 172, 2 L. Ed. 397, 401, Chief Justice Marshall disposed of it in these words: 'No question was made, in that case, as to the jurisdiction. It passed sub silentio, and the court does not consider itself as bound by that case.' "

The New case was a proceeding in error, and one involving the charge of murder upon which a life sentence had been imposed, yet the writ of error was

382

dismissed, the court ruling that it was without jurisdiction. See also Oswego and S. R. Co. v. State, 226 N. Y. 351, 124 N. E. 8.

The appeal submitted in the case at bar must accordingly be dismissed and it will be so ordered.

*Dismissed.*

BLUME, C. J., and KIMBALL, J., concur.