## KANSAS-WYOMING OIL CORPORATION
### v. GREASER

(No. 2213; March 3, 1942; 122 Pac. (2d) 840)

For the appellant, the cause was submitted on the brief of *J. J. Hickey* of Rawlins.

For the respondent, the cause was submitted on the brief of *J. R. Sullivan* of Laramie.

Riner, Chief Justice.

The record in this cause presents this situation. Under date of November 19, 1940, the district court of Carbon County entered its judgment finding generally for the defendant, C. F. Greaser, and against the plaintiff, Kansas-Wyoming Oil Corporation, and also as follows:

"That the defendant has never denied plaintiff ingress on to or egress from Section 1; that there is no evidence as to the manner in which plaintiff holds Section 12, and no evidence to show that the defendant is bound to grant ingress or egress to Section 12 over his lands; that plaintiff has no right to operate Section 12 from Section 1, and has no right to erect buildings, pipelines or tanks or to store equipment on Section 1 for the operation of Section 12, and that such operations should be enjoined; that plaintiff has no right to allow oil to leak from its pipelines on to Section 1, and should be enjoined from so doing; that plaintiff has no right to throw refuse from the operation of Section 12 on to Section 1, and should be enjoined from so doing; that the plaintiff should be enjoined from scattering refuse on Section 1 in its operation of the wells on Section 1, and that in its ingress on to and egress from Section 1, plaintiff should travel by a reasonable route designated by the defendant and should be enjoined from running its trucks over other routes; that the temporary injunction heretofore issued should be dissolved and that the defendant should recover damages in the sum of Two Hundred ($200.00) Dollars and his costs."

It was accordingly adjudged that:

"IT IS, THEREFORE, ORDERED and DECREED by the Court that plaintiff has no right to operate Section 12 from Section 1 or to erect buildings, pipelines or tanks or to store equipment on Section 1 for the operation of Section 12; that the plaintiff, its agents and employees be and they are hereby enjoined and restrained from so doing.

"IT IS FURTHER ORDERED that the plaintiff, its agents and employees be and they are hereby enjoined and restrained from allowing oil to leak from its pipelines on Section 1; from throwing refuse from the operation of Section 12 on to Section 1, and from scattering refuse on Section 1 in its operations of the wells on Section 1, and that in its ingress on to and egress from Section 1, the plaintiff, its agents and employees be restrained and enjoined from travelling from and over said Section by motor car, truck or other manner of conveyance, except by a reasonable route designated by the defendant; that the temporary injunction heretofore issued be and the same is hereby dissolved, and the defendant be and he is hereby given judgment in the sum of Two Hundred ($200.00) Dollars and his costs."

Within ten days thereafter and on November 29, 1940, the plaintiff filed its motion for a new trial on the sole ground of newly discovered evidence, which was heard by the court on February 11, 1941, and on March 4th following its order was entered denying said motion. This order also purported to amend the original judgment by merely directing in effect that it should not be construed so as to affect plaintiff's rights under a designated right-of-way granted certain third parties, who it seems were predecessors in interest of the plaintiff.

Thereafter and on March 13, 1941, there was filed in the office of the Clerk of the District Court of Carbon County a notice of appeal, which reads, omitting the proper title of the action:

"Notice is hereby given that the above-named plaintiff, the Kansas-Wyoming Oil Corporation, appeals to the Supreme Court of the State of Wyoming, from that certain Order in this cause in favor of the defendant, overruling the motion for a new trial, and against the plaintiff, dated March 4th, 1941, and duly entered in the above entitled Court on March 4, 1941, and recorded therein on the said day in District Court Record No. 21, at pages 492-493. This appeal will take from the whole of said Order and Judgment.

"Dated this 13th day of March, 1941."

This notice was duly signed by counsel for plaintiff, the appellant here.

Appended thereto is a purported proof of service, which reads verbatim:

"State of Wyoming )
   County of Carbon )ss
   I hereby certify that I received within Notice of Appeal from the above-named defendant on the 14th day of March, 1941, and served the same at the County of Albany, State of Wyoming, on 14th day of March, 1941, by delivering a true copy thereof to J. R. Sullivan, in person, in the City of Laramie, County of Albany.

                    Ed. L. Wood
                    Sheriff of Albany County, Wyoming
                    by H. E. Maddock, Under Sheriff."

There was no notice of appeal taken or served within ten days from the date of entry of the original judgment, whose language, omitting the introductory portion thereof, is stated above, as such notice and service is required by Section 89-4902, W. R. S., 1931.

It will be noted that the appeal is taken from the order aforesaid overruling the motion for a new trial. Such an order is not a final order from which a direct appeal may be taken. See our decisions in Bales v. Brome, 53 Wyo. 370, 84 P. 2d 714; Flint v. Voiles, 50 Wyo. 43, 49, 51, 58 P. 2d 443. It will be observed, too,

that the last sentence of the notice of appeal aforesaid is quite without meaning as it now stands.

With reference to the alleged proof of service quoted above, we find it somewhat difficult to determine just how the Sheriff of Albany County obtained the notice of appeal from the *defendant,* C. F. Greaser, on the day after said notice had been filed in the Clerk's office of the District Court of Carbon County at Rawlins, Wyoming; and also if that be true why the Sheriff served it upon defendant's own counsel, J. R. Sullivan, who resides in the City of Laramie in Albany County. Doubtless these are clerical mistakes like the last sentence of the notice of appeal aforesaid, but, if so, no attempt was made to correct them in the trial court. Papers of the importance of a notice of appeal and the service thereof, on whose proper form and accuracy the jurisdiction of this court depends, should not be allowed to come here in such a condition.

The record in this cause is quite short and the briefs are really "brief". We have accordingly examined each of these documents with care, although as appears above, we need not have gone farther than to examine the original judgment and the subsequent papers dealing with the steps taken to appeal the cause. Our examination of the merits of the cause has led us to the conclusion that the trial court was quite correct in its disposition of this lawsuit.

This suit was brought by the plaintiff, Kansas-Wyoming Oil Corporation, to procure an injunction to restrain the defendant, C. F. Greaser, from interfering with plaintiff's alleged rights as the assignee of an oil and gas lease on Section 1 and the adjoining Section 12 in Township 18 North of Range 78, in Carbon County, Wyoming. The defendant by his answer denied that he was interfering with plantiff's asserted rights and by his counter-claim, among other things,

sought to restrain plaintiff from doing certain acts averred to be detrimental to defendant's property in Section 1, of which he was the owner of the surface lights. Under the evidence submitted to it, we do not see how the trial court could have very well reached any other result than that embodied in its judgment set out supra. We are obliged, therefore, to dismiss the appeal, this court being without jurisdiction to entertain it.

*Dismissed.*

KIMBALL and BLUME, JJ., concur.