SUN LAND & CATTLE CO., a Corporation, and Fred E. Baker, an Individual, Appellants (Defendants below),

v.

Walter S. BROWN, Jr., (Plaintiff below),

Lura A. Brown and Walter S. Brown III, Leola P. Brown, Sheilia Brown and Sherilie Brown, Minors, by their next friend, Walter S. Brown, Jr., Appellees (Plaintiffs below).

No. 3235.

Supreme Court of Wyoming.

Jan. 3, 1964.

Williams, Wunnicke & Fennell, Cheyenne, for defendants.

Henderson, Godfrey & Kline, Cheyenne, for plaintiffs.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Walter S. Brown, Jr., and five members of his family sued Sun Land & Cattle Company and Fred E. Baker for injuries occurring by reason of a collision between Brown's car, driven by him, and Sun's truck, driven by Baker.

A jury returned two verdicts: Verdict 2, in favor of all plaintiffs except Brown and against defendants; Verdict 4, against Brown; and judgment was entered thereon. Notices of appeal have been filed by Brown and the two defendants. Defendants have proceeded with docketing under Rule 75(j), W.R.C.P., and have moved to dismiss plaintiff Brown's appeal on the ground that it was not filed within the time required by Rule 73, W.R.C.P., and appellees have moved to dismiss defendants' appeal for noncompliance with Rules 73 and 75, W.R.C.P.

The following 1963 dates are of significance in discussing the arguments on the motions:

August 8, entry of judgment.

August 13, defendants filed a joint motion wherein Sun asked for a judgment notwithstanding Verdict 2 and both defendants asked that Verdict 2 be set aside and new trial granted.

October 7, sixtieth day after entry of judgment.

October 21, court entered order (dated October 16) denying the joint motion.

November 5, defendants filed notice of appeal.

November 6, thirtieth day after defendants' motion was "deemed denied" under Rule 59(f), W.R.C.P.

November 8, plaintiff Brown filed notice of appeal.

The burden of defendants' argument for the dismissal of Brown's appeal is dual: (1) That he had only thirty days from the entry of judgment for filing his notice of appeal under Rule 73(a), W.R.C.P., since the joint motion of defendants directed against the judgment extended the time for them but not for their opponent. (2) Even were the first contention overruled, the August 13 motion was deemed denied and the judgment became final on October 7 under Rule 59(f), W.R.C.P.

The argument on the first point is without merit. Great reliance is placed on Continental Casualty Co. v. United States, 9 Cir., 167 F.2d 107, for the rule that a pending motion, such as the one here, will toll the running of the time for taking an appeal for the one who made the motion but not for the adverse party. That case, of course, dealt with Rule 54, Federal Rules of Civil Procedure, relating to multiple claims. Counsel overlook the fact that this case is no longer applicable. In Phinney v. Houston Oil Field Material Company, 5 Cir., 252 F.2d 357, 360, 361, the court, discussing the Continental case, said that such opinion

"* * * recognizes the rule that a pending motion may toll the running of time for taking an appeal. It holds, too, that the time will run as to a party who has made no motion but will be terminated as to a party who has made a motion. The Continental Casualty case arose before the 1948 amendments to the Rules became effective. In that case the Macris took an appeal which was in time as to one phase of the case and too late as to others. Such result, permitting if not requiring piecemeal appeals, illustrates the condition that the 1948 amendment [adopted in Wyoming] was intended to relieve. We conclude that the motion to dismiss the appeal should be denied. * * *"

On this point, one further thing should be noted, Wyoming's present Rule 54, W.R.C.P., relates not only to multiple claims but also to multiple parties, which makes it applicable to the instant case. On the reasoning of the Phinney case and that of State ex rel. Pacific Intermountain Express,

Inc. v. District Court of the Second Judicial District, Sweetwater County, Wyo., 387 P.2d 550, the tolling of Rule 73(a), W.R.C.P., by the filing of a motion under Rule 50(b), 52(b), or 59, W.R.C.P., affects all parties to an action.

 Passing to defendants' contention that the joint motion was deemed denied and the judgment became final on October 7 under Rule 59(f), we think that the argument is well taken.

Plaintiffs urge that Rule 59(f) does not state in detail the manner in which counsel can proceed after failure of the court to decide a motion for new trial within sixty days after entry of judgment and opine that either the clerk should enter a default or an order be submitted to the judge to sign regardless of whether or not he has made his decision and that where an order is not entered there would be a question of an appeal after the sixty days still being premature. The argument is unconvincing. The statement in Rule 59(f) that motions for new trials not determined within sixty days after entry of judgment shall be *deemed denied*, unless within the exception, is self-explanatory that the judgment *automatically* at the end of the sixty days becomes final and effective for purposes of appeal. Our discussion in the case of Brasel and Sims Construction Co. v. Neuman Transit Co., Wyo., 378 P.2d 501, made it clear that the rule was applicable even though the undecided motion for new trial had been combined with a motion for judgment notwithstanding the verdict. The judgment here became final on October 7 and the time for appeal then began to run. Accordingly, the date on which Brown filed his notice of appeal, November 8, was out of time and his appeal must be dismissed. The thirty-day limitation for filing a notice of appeal is mandatory and jurisdictional. 3A Barron & Holtzoff-Federal Practice and Procedure, p. 63 (1958); and see 7 Moore, Federal Practice, p. 3148 (2 ed.). The same rule governed the previous Wyoming statute

on the subject, § 3-5402, W.C.S.1945; Wyoming Automotive Co. v. Weisflog, 47 Wyo. 32, 30 P.2d 490, 31 P.2d 679.

 Counsel for the Brown family contend that defendants' appeal should be dismissed because it was taken from both the judgment of August 8 and the order of October 16 overruling the joint motion. It is argued that Rule 72(c), W.R.C.P., provides for a review by the supreme court of a "judgment rendered *or* final order made by the district court." (Emphasis supplied.) The contention is correct, and the appeal cannot properly be taken from both. It is clear from Rule 59 that a judgment is unaffected by a motion for new trial unless the court opens the judgment under the provisions of the rule, and the judgment theretofore entered becomes effective for the purposes of the appeal as of the date that the motion for new trial is overruled either by action of the court or automatically because of inaction. An order disposing of a motion for new trial is not an appealable order. Kansas-Wyoming Oil Corporation v. Greaser, 58 Wyo. 24, 122 P.2d 840; Flint v. Voiles, 50 Wyo. 43, 58 P.2d 443; Tsoleas v. Hege, 4 Cir., 250 F.2d 127; 3 Barron & Holtzoff-Federal Practice and Procedure, p. 346 (1958). Nevertheless, there is no valid reason why in the case before us the notice of appeal from the order would vitiate the appeal from the judgment.

Counsel also urge that there was not filed with defendants' designation of the contents of the record on appeal a copy of the transcript of the evidence as provided in Rule 75(b). Such omission has been previously held not to be so serious as to justify a dismissal of the appeal. Butler v. McGee, Wyo., 363 P.2d 791.

Defendants' motion to dismiss the appeal of Walter S. Brown, Jr., is sustained, and the appeal is dismissed. The motion asking for dismissal of defendants' appeal is overruled.